**Clarence TATE, Jr., Petitioner-Appellant,**

**v.**

**Warden J. D. HENDERSON, Respondent-Appellee.**

**No. 71-2807**

**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Dec. 30, 1971.

Clarence Tate, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., Charles A. Pannell, Jr., Atlanta, Ga., for respondent-appellee.

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Clarence Tate, Jr., a federal prisoner who is serving a sentence in the United States Penitentiary in Atlanta, has appealed from the district court's denial of his petition for habeas corpus. The district court held that Tate's proper remedy was a motion to vacate his sentence pursuant to the provisions of 28 U.S.C. § 2255. Since we conclude that the court below misapprehended the thrust of appellant's contentions, we vacate the order appealed from and remand the case for further proceedings.

Appellant Tate is serving a 15-year sentence for bank robbery, a violation of 18 U.S.C. § 2113(a). The sentence was imposed on or about December 19, 1968 in the United States District Court for the Eastern District of Michigan. The court sentenced Tate under the provisions of 18 U.S.C. § 4208(a) (2), making him eligible for parole at the discretion of the Parole Board.

The appellant is not attacking the validity of his sentence as imposed by the district court in Michigan. He seeks, rather, to obtain compliance of the Parole Board with the (a) (2) provision of the sentence. Tate alleges that the Parole Board has refused to consider him for parole on authority of 42 U.S.C. § 259(b), which provides as follows:

"The provisions of sections 710 to 712a of Title 18, regulating commutation of sentence for good conduct of United States prisoners, section 744h of Title 18, regulating commutation of sentence for employment in industry, and sections 714 to 723c of Title 18, relating to parole, shall be applicable to any narcotic addict confined in any institution in execution of a judgment or sentence upon conviction of an offense against the United States; except that no narcotic addict confined in any institution, whether or not an institution of the Public Health Service, shall be released by reason of commutation of sentence or parole until the Surgeon General shall have certified that such individual is no longer an addict."

The appellant alleges that it is impossible for him or any other convicted person in custody of the Attorney General to obtain the Surgeon General's certification of freedom from addiction or drug dependence. This certification, which is prerequisite to his being paroled, is alleged to be available only to convicted persons who are in the custody of the Surgeon General.

Subsection (a) of § 259 provides in part that a federal prison inmate who is an addict, drug abuser or drug-dependent person can be transferred to the custody of the Surgeon General for treatment by the authority who has power to designate the prisoner's place of confinement. In Tate's case, of course, the authority to transfer would lie in the Attorney General.

Subsection (a) provides also that such transfers can be made only "if accommodations are available." If the § 259(a) transfer provisions have been made available to inmates of the Atlanta penitentiary, it seems apparent that Tate has not been informed thereof. He attached to his original habeas petition a purported copy of excerpts from page 6 of the pamphlet, "Planning your Parole," issued to prisoners by the Parole Board, as follows:

MENTAL STATUS

If a person is certified to be psychotic, or of unsound mind, he is not considered eligible for favorable parole consideration. The release of men in this condition would in no way be compatible with their own welfare or the interests of society, in general.

NARCOTIC ADDICT

Men certified as Narcotic Addicts are, likewise, not considered eligible for parole consideration for the reasons stated above.

Tate contends that the Parole Board is thus denying him the parole consider-

ation which was mandated by his sentencing court; and that he is denied any opportunity to prove that he is not now an addict or drug-dependent person. It seems clear to us that this claim is not the sort which should be urged in § 2255 proceedings in the sentencing court. Cf. Johnson v. United States, 5 Cir. 1971, 447 F.2d 516 and cases there cited.

Accordingly we vacate the order appealed from, and remand the case for further proceedings. On remand the district court should determine whether in fact the Parole Board is denying all parole consideration to Tate due to his being or having been an addict; and whether any of Tate's legal rights are being violated by non-availability to him of the Surgeon General's certification, or otherwise as alleged in the habeas corpus petition.

Vacated and remanded, with directions.