Robert Virgil **YARNAL**, C-7764,
Appellant,

v.

Joseph R. **BRIERLEY**.

No. 71-1870.

United States Court of Appeals,
Third Circuit.

Submitted on briefs Sept. 11, 1972 Under
Third Circuit Rule 12(6).

Decided Oct. 13, 1972.

John H. Bingler, Jr., Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellant.

W. Thomas Malcolm, Dist. Atty., Indiana, Pa., for appellee.

Before BIGGS, JAMES ROSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

This appeal from the denial of a petition for habeas corpus contends that Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967), requires the granting of the writ because a state trial court unconstitutionally admitted certain testimony in a hearing to determine degree of murder and this error was not harmless beyond a reasonable doubt.

Petitioner Robert Yarnal is presently serving a life sentence imposed by the Court of Oyer and Terminer of Indiana County, Pennsylvania. This sentence was imposed on April 2, 1965, after petitioner had entered a plea of guilty to the charge of murder, generally, and a two-judge court had heard the evidence and fixed the offense at murder in the first degree. During that hearing, the State called as a witness the local Sheriff, Paul Jeffries, who testified about statements made and acts performed by the petitioner and a cohort at a re-enactment of the crime. These statements and acts were incriminating and occurred at a time when petitioner did not have counsel available to him but stated that he intended to secure counsel. It is unclear on the record before us whether or not petitioner was warned of his constitutional right to remain silent as required by Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). After exhausting his state remedies, Commonwealth v. Yarnal, 429 Pa. 6, 239 A.2d 318 (1968), cert. denied, 396 U.S. 911, 90 S.Ct. 224, 24 L.Ed.2d 186 (1969), petitioner initiated the present habeas corpus proceeding in the Western District of Pennsylvania, contending that the admission of the Sheriff's testimony was constitutional error in violation of *Escobedo* and that this error was not harmless beyond a reasonable doubt. The District Court, 324 F.Supp. 311, examined only the latter issue and denied the petition, concluding that any constitutional error which might have occurred was insignificant because the record disclosed "independent evidence sufficient to raise the degree of the crime to murder in the first degree." A certificate of probable cause was granted by this Court, and this appeal followed.

We have concluded that the judgment of the District Court must be affirmed. Assuming *arguendo* that Sheriff Jeffries' testimony should have been excluded, the record clearly reveals that any error in its admission was harmless beyond a reasonable doubt.[1]

---

1. It should be noted that a defendant who has pleaded guilty to murder generally in Pennsylvania does not waive the right to object to the admission of improper

Milton v. Wainwright, 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Petitioner is right in saying that the trial court erred in applying a sufficiency of evidence test rather than a "harmless beyond a reasonable doubt" standard; however, even under the latter yardstick, the result below was the correct one.

The evidence presented to the two judge court which determined the degree of guilt consisted of the testimony of four individuals, one of whom was Sheriff Jeffries. The other three witnesses were Elmer Clark, petitioner's codefendant, Jane Clark, petitioner's girl friend and sister of Elmer Clark, and petitioner himself.

Jane Clark testified that she and petitioner had decided to go to West Virginia and get married; that petitioner and Elmer Clark (later indicating petitioner alone) told her about a week before the killing that "they were going to get a car somewhere, and if they had to, they would kill a guy to get one;" that after they stole the car they told her that "they killed a guy to get it" and "put [the body] in a mine in Divenney Hollow" where it was later found; and that petitioner showed her a pistol both before and after the killing.

Elmer Clark testified that he and petitioner had discussed stealing an automobile on the night of the killing, and that he knew petitioner had a gun on his person. Clark also revealed that petitioner told him ten or fifteen minutes before Blair, the victim, picked them up hitchhiking that he would kill someone, if necessary, to get a car.

Finally, petitioner himself testified that he and Elmer Clark hitched a ride with Blair whom he did not know at the time; that he shot Blair after Blair dropped them off; that he had taken the .22 pistol used in the killing from his mother's house a few days earlier for the purpose of shooting rats; that even after Blair picked them up, petitioner did not intend to take the car because it was old; and that no argument preceded the shooting.

On the basis of the above testimony, we have no reasonable doubt that the two judge court would have found petitioner guilty of first degree murder without hearing Sheriff Jeffries' testimony. Jeffries' testimony consisted of statements made by petitioner at the time of his arrest and at the re-enactment of the crime, when he was not represented by counsel. Such testimony would be of extreme importance if petitioner had pleaded innocent to the murder charge, and its admission into evidence under such circumstances would undoubtedly be sufficient grounds for reversal under *Milton*, *Harrington* and *Chapman*. This case is different, however, because petitioner pleaded guilty to the general murder charge. The function of the two-judge court was limited to determining the degree of guilt and fixing the sentence. In view of the testimony of Elmer Clark, Jane Clark and petitioner himself, we believe that the use of Sheriff Jeffries' testimony was harmless beyond a reasonable doubt.

The District Court's order denying the writ will be affirmed.

---

evidence which will bear on the degree of guilt and punishment to be imposed. United States ex·rel. Black v. Russell, 306 F.Supp. 270 (E.D.Pa.1969), aff'd. 435 F.2d 546 (3d Cir. 1970), cert. denied, 402 U.S. 947, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971); United States ex rel. Stamm

v: Rundle, 270 F.Supp. 819 (E.D.Pa. 1967), aff'd. per curiam 389 F.2d 1006 (3d Cir. 1968), cert. denied, 393 U.S. 880, 89 S.Ct. 181, 21 L.Ed.2d 153 (1968); Commonwealth v. Batley, 436 Pa. 377, 260 A.2d 793 (1970).