Clarence TATE, Jr., Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 72-2285

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1972.

Certiorari Denied March 19, 1973.

See 93 S.Ct. 1515

Clarence Tate, Jr., pro se.

John W. Stokes, Jr., U. S. Atty., William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Appellant is serving a 15-year sentence for bank robbery imposed under 18 U.S.C. § 4208(a)(2), which makes him eligible for parole at the discretion of the Parole Board. On a previous appeal, Tate v. Henderson, 453 F.2d 358 (5th Cir. 1971), he claimed that the Board was refusing to consider him for parole on the authority of 42 U.S.C. § 259(b), which provides, *inter alia*, that "no narcotic addict . . . confined in any institution, whether or not an institution of the Public Health Service, shall be released by reason of commutation of sentence or parole until the Surgeon General shall have certified that such individual is no longer an addict . ."

We vacated and remanded with these directions:

On remand the district court should determine whether in fact the Parole Board is denying all parole consideration to Tate due to his being or having been an addict; and whether any

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

of Tate's legal rights are being violated by nonavailability to him of the Surgeon General's certification, or otherwise as alleged in the habeas corpus petition.

453 F.2d at 360. The District Court required the respondent to produce documents ascribing the grounds upon which appellant was denied parole or, alternatively, whether the alleged drug dependency problem affected his application for parole. Respondent filed an affidavit of an official of the Parole Board which stated in pertinent part:

> The Examiner evaluated Mr. Tate as a sophisticated criminal who had displayed an aggravated pattern of crime by narcotic addiction and who was, in the opinion of the Examiner, potentially dangerous.

> Since this summary and Mr. Tate's complete file was [sic] later reviewed by the Members of the Board prior to the time the Board Order was signed continuing his case with an Institutional Review Hearing in April of 1972, I would assume that Mr. Tate's purported addiction to drugs was just one of the factors which contributed to the Board's decision. As the Court may be aware, each Board Member votes independently of the other and, before completing action on any given case, thoroughly reviews all the available file material. Their decision represents the majority opinion of the Members and they do not indicate the various factors which entered into their judgment.

On the basis of the affidavits, orders, and other records in the file, the District Court concluded that sufficient circumstantial evidence supported appellant's claim of having a drug dependence problem and that, although the degree of its influence on his eligibility for parole was uncertain, a drug abuse problem was reflected in appellant's record before the Parole Board. The District Court further concluded that evidence of this problem could have a detrimental, although not a determinative, effect upon his

chances for parole. It, therefore, directed respondent to determine whether appellant should be certified as a nonaddict within the meaning of 42 U.S.C.A. § 259(b), and further directed that the certificate, if granted, was to be placed in appellant's record with the United States Board of Parole.

In response to our inquiry, we have been furnished both an official certification, dated August 3, 1972, stating that appellant is not a narcotics addict, and evidence that a copy of that certification has been sent to the Board.

■ There is no merit to appellant's argument that the judgment and order of of the District Court should be vacated and reversed and that a writ of habeas corpus should issue discharging him from custody. The District Court was unable to determine whether the drug abuse problem (in the consideration of which the court thought a § 259 certificate would have been relevant) was the *sole* cause for denial of parole. It, therefore, properly rejected the claim for immediate release. Appellant is, however, entitled to more relief than the District Court's order afforded him. To ensure that the absence of a certificate was not a factor in the Board's decision, the Board must reconsider appellant's parole request in the light of the recent certification. Appellant was considered for parole in April, 1972, but it was denied in May, 1972. His certification of non-addiction was issued August 3, 1972. The notice of denial of parole provides that he may again be considered for parole after his next hearing in April, 1974. Rather than waiting until that date, the Board should give early and prompt reconsideration to appellant's parole request, in the light of his recent certification as a nonaddict. We do not intimate what the Board's ruling should be. Our decision goes only to the extent of ensuring that the absence of a § 259 certificate is removed as a basis for a decision and in no way speaks to the consideration that the Board may give to appellant's prior drug abuse problems.

The government urges that § 259 (b) does not apply to appellant but only to persons sentenced under the Narcotic Addict Rehabilitation Act, 18 U.S.C.A. §§ 4251–4255, or to those persons not sentenced under that Act but who have been certified as addicts. The District Court determined otherwise, and the government has neither appealed nor cross-appealed therefrom, so that question is not open for our consideration. 9 Moore's Federal Practice ¶ 204.11.

Appellant's other claims that the court erred in not granting him discovery and in not allowing him bail pending appeal are without merit.

To the extent the District Court granted relief, we affirm. To the extent the District Court denied relief, we vacate and remand for entry of a modified order consistent with this opinion.

Affirmed in part, vacated and remanded in part with directions.