**Robert L. CRAFT, Petitioner,**

v.

**ATTORNEY GENERAL OF the UNITED STATES et al., Defendants.**

**Civ. No. 74–439.**

United States District Court, M. D. Pennsylvania.

Aug. 15, 1974.

Gary Steel Products Corporation v. Kitchin, 197 Va. 471, 90 S.E.2d 120 (1955), with Williamson v. Columbia Gas & Electric Co., *supra*.

Robert L. Craft, pro se.

Harry A. Nagle, Michael D. McDowell, Lewisburg, Pa., for defendants.

## OPINION

MUIR, District Judge.

Petitioner is an inmate at the federal penitentiary in Lewisburg, Pennsylvania. On May 10, 1970 he was sentenced pursuant to 18 U.S.C. § 2113(b) to consecutive terms of five and nine years. Under this sentence Petitioner was, by virtue of 18 U.S.C. § 4202, eligible for parole on May 27, 1974. On August 3, 1973, Petitioner's sentence was amended to include the provisions of 18 U.S.C. § 4208(a)(2) which provides that "the prisoner may become eligible for parole at such time as the board of parole may determine."

Petitioner appeared before the United States Board of Parole in October, 1973. His application for parole was denied and he was given a "setoff" to April 1975 (later changed to October, 1974). The reason given for denial of Petitioner's application for parole was:

> "release at this time would depreciate the seriousness of the crime and is thus incompatible with the welfare of society."

It is the opinion of this Court that the Due Process Clause of the Federal Constitution is applicable to parole hearings and that in this case Petitioner was not afforded the rights to which he was entitled thereunder.

In Wolff v. McDonnell, —— U.S. ——, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court of the United States recognized that a prisoner's interest in his right to "good time" was sufficient to entitle him to certain minimum safeguards "to insure that the state-created right is not arbitrarily abrogated." While the Court recognized that the right to good-time credit for satisfactory institutional behavior is not guaranteed by the Constitution itself, it found that revocation of such credit may not be arbitrary and capricious where "the State itself has not only provided a statutory right to good-time but also specifies that it is to be forfeited only for serious misbehavior." The Court held that the prisoner's interest was sufficiently embraced within the "liberty" concept of the Due Process Clause to be protected thereunder.

The holding in *Wolff* is controlling in this case. The Petitioner's right to a parole hearing is a statutory creation, i. e., 18 U.S.C. § 4208(a)(2). The United States Board of Parole in issuing its "guidelines for parole release consideration," 39 C.F.R. § 2.20, has itself recognized that the decision to grant or deny parole is not to be made in an arbitrary and capricious manner. Also, if a prisoner's right to good time is sufficiently embraced within the concept of "liberty," then his interest in the granting or denying of parole is *a fortiori* covered by that concept.

The conclusion that Petitioner's parole hearing was subject to the Due Process Clause is buttressed by a recent decision in the Second Circuit which held "that some degree of due process attached to parole release proceedings." Johnson v. Chairman of New York State Board of Parole, CA2, 500 F.2d 925 (1974). That Court found that while due process

does not entitle a potential parolee to the full panoply of due process rights, it does entitle him to (1) a statement of the release criteria observed by the Board and the factors considered by it in determining whether these criteria are met and (2) a statement of the grounds for denial of parole where it is denied. Such a reasons' requirement serves the dual purpose of protecting the inmate against arbitrary decision-making while affording the reviewing court an adequate opportunity to ascertain whether the Board used permissible criteria, considered relevant factors and acted non-arbitrarily.

■ Petitioner complains that in denying him parole release the Board erred in two ways. First, he asserts that the Board used an impermissible criterion by considering the "seriousness" of the Petitioner's offense since that criterion had already been used in computing the guideline parole period for determining when to consider parole for this inmate. Cf. Lupo v. Norton, 371 F.Supp. 156 (D.C.Conn.). Second, he contends that the Board failed to consider a relevant factor by not according sufficient weight to his rehabilitative progress. See Remarks of Congressman Emanuel Celler, hearings on H.J.Res. 424, H.J.Resolution 425, and H.R. 8923 before sub-committee No. 3, House Committee on the Judiciary, 85th Congress, 2nd Session (1958) 5–6 and the remarks of Deputy Attorney General Lawrence Walsh, id. at 8–9. Because of the manner in which Petitioner's denial of parole was presented, the Court is in no position to assess the merits of those contentions. The reason given Petitioner for denial of his application for parole was tantamount to no reason and afforded the Petitioner none of the safeguards discussed in this Opinion.

It is impossible for this Court to ascertain what criteria the Board used and what factors it considered. Further, where, as here, a prisoner is well within the guidelines for parole release consid-

eration, such a cursory explanation is insufficient to inform him of why he was nonetheless denied release. The Court recognizes that such a holding as to the insufficiency of the reasons given Petitioner conflicts with its conclusion in Zydor v. United States Board of Parole, Civil No. 73–601 (M.D.Pa.), p. 3, that such a reason is adequate. In light of the decisions in Wolff v. McDonnell, supra, and Johnson v. Chairman, supra, to the extent that the decision in this Court in *Zydor* conflicts with this opinion, it is overruled. Similarly, the Court overrules its holding in Wagner v. United States Board of Parole, Civil No. 73–328 (M.D.Pa.) in which it stated that Due Process does not apply to parole hearings and that a prisoner is not entitled to a statement of reasons for denial of parole. It should be noted that the intimation in Morrissey v. Brewer, 408 U.S. 471, at 482, n. 8, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that Due Process does not apply to parole hearings which served as the basis for this Court's similar conclusion in *Wagner*, has been seriously undermined, if not overruled. First, the *Wolff* decision intimates the directly contrary conclusion. Second, the case cited in footnote 8 of Morrissey for the no-due-process intimation was from the Second Circuit which has now clearly stated in Johnson v. Chairman, supra, that Due Process is applicable to parole hearings.

Because of its disposition of this petition ordering a re-hearing and requiring the Board to state reasons for denial if one occurs, the Court does not reach the Government's contentions that the Board did not in fact consider an improper criterion and that the Board is not required to reach its decision in the manner asserted by Petitioner. There are no disputes as to essential facts and the Court finds itself faced only with a question of law. Consequently, it is unnecessary to order a hearing in order to dispose of this petition.

The Petitioner also challenged the validity of his "setoff" on the basis of the

opinion in Grasso v. Norton, 371 F.Supp. 171 (D.C.Conn.1974). (See, also, Crowley v. Weger, Civil No. 74–130 (M.D.Pa. 1974).) Given the effect of this order, the Court does not reach a decision on that issue in this case.

An appropriate order will be entered.