**Earl C. FISHER**

v.

**UNITED STATES of America et al.**

**Civ. No. B–74–342.**

United States District Court,
D. Connecticut.

Sept. 20, 1974.

Earl C. Fisher, pro se.

## MEMORANDUM OF DECISION

NEWMAN, District Judge.

Petitioner, presently incarcerated at the Federal Correctional Institution, Danbury (hereafter "FCI, Danbury"),

seeks habeas corpus relief from an adverse decision by the United States Board of Parole (hereafter "Board"). On May 17, 1973, he was sentenced to serve three years, with a three-year special parole term, for conspiring to distribute cocaine. 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Sentence was imposed pursuant to 18 U.S.C. § 4202, making him eligible for parole after serving one-third of his sentence.

After a parole hearing in March, 1974, petitioner was continued to expiration. He was informed:

1. Your release at this time would depreciate the seriousness of the offense committed and is thus incompatible with the welfare of society.

2. There does not appear to be a reasonable probability at this time that you would live and remain at liberty without violating the law because of your arrest record and the fact that you were on probation at the time the present offense was committed.

Petitioner claims that prior to his parole hearing, his caseworker told him that his appropriate guideline range on the Board's table for decision-making, 28 C.F.R. § 2.20, 39 Fed.Reg. 20031 (June 5, 1974), is 16–20 months.[1] Since his sentence computation record indicates that his mandatory release date is September 7, 1975, the Board's decision to continue petitioner to expiration will result in his incarceration for twenty-eight months, eight months longer than petitioner's alleged maximum guideline period.

In a standard form petition broadly attacking the Board's procedures for decision-making, petitioner contends that the decision to continue his incarceration beyond his alleged guideline period is unconstitutional and unlawful. Even if petitioner's appropriate parole guideline period, based upon the severity of his convicted offense and his offender characteristics, is 16–20 months, and not a longer period based upon a higher offense severity category and/or a lower salient factor score,[2] the Board's decision denying his release from imprisonment until he has served twenty-eight months of his three-year sentence is not unlawful.

In United States ex rel. Johnson v. Chairman of New York State Bd. of Parole, 500 F.2d 925 (2d Cir. 1974), the Court of Appeals ruled that "in light of *Morrissey* [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] . . . some degree of due process attaches to parole release proceedings." Although the *Johnson* decision applied a standard of minimal due process to parole release hearings, it did not overrule the previous ruling in Menechino v. Oswald, 430 F.2d 403 (2d Cir. 1970), cert. denied, 400 U.S. 1023, 91 S.Ct. 588, 27 L.Ed.2d 635 (1971), that a prisoner receiving parole consideration is not entitled to the full panoply of due process rights. Instead, the holding was restricted to a determination that an inmate considered for parole is entitled to at least "one due process weapon"—a written statement of reasons "sufficient to enable a reviewing body to determine

1. Petitioner's appropriate guideline period would be 16–20 months if his offense were rated in the "High" severity category— "Hard drugs," possession by drug-dependent user ($500 or more) or "Hard drugs," sale to support own habit—and if he received a "Very good" parole prognosis based on a salient factor score of 11–9. Since petitioner's complaint contains allegations that he was drug dependent, it is not unlikely his offense would fall in the "High" severity category.

2. Even if petitioner's offense were properly rated in the "High" severity category, he might receive a lower salient factor score placing him in longer guideline periods ranging from 20–26 months to 32–38 months. However, it is also possible that his offense might be rated in the "Very high" offense category—"Hard drugs," possession by non-drug-dependent user ($500 or more) or by nonuser (any quantity) or "Hard drugs," sale for profit [no prior conviction for sale of "Hard drugs"]. Inmates who have committed "Very high" severity offenses fall within guideline periods ranging from 26–36 months to 55–65 months.

whether parole has been denied for an impermissible reason or for no reason at all." United States ex rel. Johnson v. Chairman of New York State Bd. of Parole, *supra*, 500 F.2d at 934.

The Court of Appeals refined its ruling as follows:

. . . [D]etailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the *grounds* for the decision (*e. g.*, that in its view the prisoner would, if released, probably engage in criminal activity) and the *essential facts* upon which the Board's inferences are based (*e. g.*, the prisoner's long record, prior experience on parole, lack of a parole plan, lack of employment skills or of prospective employment and housing, and his drug addiction).

(Emphasis added). *Id.* at 934.

When measured by this standard, the reasons accompanying petitioner's denial of parole are adequate. In Battle v. Norton, 365 F.Supp. 925 (D.Conn.1973), this Court ruled the Board could lawfully use the single reason—depreciating the seriousness of the offense—as a shorthand way of informing a prisoner that he would not be released on parole because he had not been incarcerated for his appropriate guideline period. Since petitioner allegedly was continued beyond his applicable guideline period, the standard "depreciating the seriousness of the offense" reason would not be sufficient standing alone, Lupo v. Norton, 371 F.Supp. 156 (D.Conn.1974). However, this standard reason was accompanied by a more specific, meaningful reason disclosing the *grounds* of the denial of parole—if released, the petitioner would probably engage in criminal activity—and the *essential facts* on which this inference was based—petitioner's

unsuccessful prior experience on probation. Consequently, the Board did accompany its decision with at least one reason enabling this reviewing Court to determine that it considered the relevant factors in petitioner's case and acted rationally when denying him parole.

■ The remaining substantial claim raised by petitioner presents the issue of whether he should have had access to adverse reports in his parole file and to the hearing examiners' reports and recommendations so he might have responded to any unfavorable information. Although this Court denied an identical claim in Godwin v. Norton, Civil No. B–910 (D.Conn. Nov. 1, 1973), recent decisions in United States ex rel. Johnson v. Chairman of New York Bd. of Parole, *supra*,[3] and Childs v. United States Bd. of Parole, 371 F.Supp. 1246 (D.D.C. 1973), require reconsideration of whether the minimal due process standard applicable to parole release hearings affords an inmate access to adverse information in his parole file.

The content of procedural due process protection is not static and depends on the nature of the right asserted and the context in which it may be denied. This flexibility was acknowledged in Morrissey v. Brewer, *supra*, and applies *a fortiori* to parole release hearings. While there are strong policy arguments for disclosure of all information available for consideration by parole hearing examiners, perhaps subject to a limitation for specially sensitive material, it is difficult to see how the due process clause can require such disclosure at parole release hearings when such disclosure is not required of district courts at sentencing. In both situations a variety of information may affect the ultimate decision. Yet the basic compilation of information available to the sentencing judge, the pre-sentence report, has not

---

3. In Rohe v. Froehlke, 500 F.2d 113 (2d Cir. 1974), the Court of Appeals ruled that the right to respond to adverse allegations in his record is implicit in a regulation granting an

Army reservist a right to appeal from an order placing him on active duty as an unsatisfactory reservist.

been discoverable pursuant to a due process requirement, United States v. Gardner, 480 F.2d 929 (10th Cir. 1973); United States v. Schrenzel, 462 F.2d 765 (8th Cir. 1972), though a liberal exercise of discretion to disclose has been recommended in this Circuit, United States v. Needles, 472 F.2d 652 (2d Cir. 1973); United States v. Brown, 470 F.2d 285 (2d Cir. 1972). Since the presentence report is available to the Parole Board, an absolute requirement of disclosure by the Board of the prisoner's entire file would reveal at the parole hearing the very document the courts need not disclose at sentencing.

■ While the due process clause does not mandate full disclosure, it does have an impact on the disclosure question, especially in light of the Second Circuit's decision in *Johnson*. The requirement of stating reasons and essential facts is itself a disclosure requirement. At sentencing, courts have been required to disclose a defendant's misconduct if it is to be relied upon in the sentencing decision, see United States v. Weston, 448 F.2d 626 (9th Cir. 1971). That same standard is appropriate for parole hearings. The Board must disclose to the prisoner those adverse facts that detail the grounds of the Board's adverse parole decision. The extent of detail will depend on the nature of the grounds relied on.

■ The Board's disclosure in this case adequately met the requisite standard. The prisoner was informed that the Board was relying on the facts of (a) the offense having been committed while he was on probation and (b) his prior arrest record. While the second reason alone would raise additional questions in the absence of information as to the disposition of those arrests, the first reason sufficiently discloses adverse information relied on by the Board in reaching the conclusion that the prisoner is not a sufficiently good parole risk to warrant parole.

The remaining claims raised by petitioner's standard form complaint were rejected by this Court in Battle v. Norton, 365 F.Supp. 925 (D.Conn.1973).

Accordingly, the petition is dismissed for failure to state a claim on which relief can be granted. The papers may be filed without fee.