**MEMORANDUM AND ORDER**

Donald W. **JARRELLS**,
# 09291–147

v.

The **UNITED STATES**.

Civ. No. K–74–625.

United States District Court,
D. Maryland.

May 19, 1975.

———————

E. Thomas Maxwell, Jr., Baltimore, Md., for plaintiff.

George Beall, U. S. Atty., Robert A. Rohrbaugh, Asst. U. S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, District Judge.

Jarrells, presently confined in the Allenwood Federal Prison Camp located in the Middle District of Pennsylvania, seeks relief herein pursuant to 28 U.S.C. § 2255. On January 16, 1973, Jarrells pled guilty in *United States v. Binick, et al.*, Criminal No. 72–0388–K, to one count of conspiring to violate 21 U.S.C. § 841(a)(1) (distribution of controlled substances, heroin and cocaine). Subsequently, on February 22, 1973, Jarrells pled guilty in *United States v. Beckner, et al.*, Criminal No. 73–092–K, to one count of violating 18 U.S.C. § 472 (selling counterfeit fifty dollar bills). On May 18, 1973 in those two criminal cases Jarrells was sentenced by this Court to terms of five years' confinement upon the narcotics charge and one year on the counterfeiting charge, the sentences to be served concurrently. Both sentences were made subject to 18 U.S.C. § 4208(a)(2).

Jarrells, who began serving his sentence on June 4, 1973, was afforded his first parole hearing on October 10, 1973. At that time the United States Board of Parole ordered that Jarrells' case be continued with an institutional review hearing scheduled for November 1975. This Court is informed by the Board of Parole that that date is six months earlier than the lower end of the guideline range presently used by the Board in cases comparable to Jarrells'. In that connection the Board has noted that it took into account in establishing the next hearing date that Jarrells "was not considered to be a principal figure in either of the offenses."

Jarrells contends herein primarily that if a prisoner is sentenced pursuant to 18 U.S.C. § 4208(a)(2) and if he maintains a perfect disciplinary record, as Jarrells contends he has, the Board of Parole is obligated to release him on parole after he has served, at most, one-third of his

sentence or, in the alternative, to provide a written explanation of why it did not parole him based at least to some extent on his behavior during confinement. Jarrells cites in support of his said contention *Grasso v. Norton,* 371 F.Supp. 171, 376 F.Supp. 116 (D.Conn.1974), in which the plaintiff-prisoner was confined in Danbury, Connecticut. *See also Stroud v. Weger,* 380 F.Supp. 897 (M.D. Pa.1974) (plaintiff-prisoner confined at Allenwood, Pennsylvania); *Craft v. Attorney General,* 379 F.Supp. 538 (M.D.Pa. 1974) (plaintiff-prisoner confined at Lewisburg, Pennsylvania). However, this Court may not herein reach the questions considered in those cases because Jarrell's within section 2255 action does not provide the proper vehicle pursuant to which those questions may be raised. In each of the above-cited cases, the plaintiffs sought habeas corpus relief in the judicial district in which they were then currently confined, not pursuant to 28 U.S.C. § 2255 in the district in which they were sentenced. In this case, Jarrells is not attacking the validity of his sentence as imposed by this Court, but rather is attacking the sentence as it is being executed by attempting to obtain compliance by the Parole Board with the prisoner's own interpretation of section 4208(a)(2). Accordingly, Jarrells should seek habeas corpus relief in a Court in the jurisdiction in which he is confined, not relief in this Court. *Tate v. Henderson,* 453 F.2d 358, 359–60 (5th Cir. 1971). *See also United States ex rel. Marrero v. Warden,* 483 F.2d 656, 660–61 (3d Cir. 1973), *rev'd on other grounds,* 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *Johnson v. United States,* 447 F.2d 516 (5th Cir. 1971); *Halprin v. United States,* 295 F.2d 458, 459–60 (9th Cir. 1961); *Costner v. United States,* 180 F.2d 892 (4th Cir. 1950).

It is also noted by this Court that the United States has informed this Court that Jarrells' case was reopened on September 17, 1974 and that he was scheduled to receive a review by the Board of Parole in a written progress report after the expiration of one-third of his sentence which would appear to be at some date subsequent to early February 1975. Whether Jarrells has thus already received the relief in whole or in part which he seeks herein involves a question which Jarrells can raise in a forum in the district in which he is confined.

For the reasons stated hereinabove, Jarrells' quest for relief herein is hereby denied, without prejudice to his right to file subsequently for relief in an appropriate forum.