George Winfred BOWMAN, Plaintiff,

v.

**UNITED STATES BOARD OF PAROLE, Defendant.**

No. 75–C–613.

United States District Court,
W. D. Wisconsin.

April 15, 1976.

George Winfred Bowman, pro se.

David C. Mebane, U. S. Atty. by Marvin I. Strawn, Asst. U. S. Atty., Madison, Wis., and Glenda G. Gordon, Atty., Dept. of Justice, Washington, D. C., for defendant.

## ORDER

DOYLE, District Judge.

This is a civil action in which plaintiff seeks an order requiring defendant to hold a hearing to consider his eligibility for parole. Subject matter jurisdiction is predicated upon 28 U.S.C. § 1361 (1970). Defendant has moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss for failure to state a claim and in the alternative pursuant to Rule 56 for summary judgment. On the basis of the affidavits submitted by defendant, I find that there is no genuine issue as to the material facts set forth below under "Facts."

## FACTS

Plaintiff is confined at the Federal Correctional Institution, Oxford, Wisconsin, pursuant to a sentence of 25 years imposed under the provisions of 18 U.S.C. § 4208(a)(2) (1970). On May 14, 1975, an initial hearing was held before an examiner panel to determine plaintiff's eligibility for parole. The two members of the examiner panel agreed that parole should be denied but split on when plaintiff should be reconsidered. In keeping with 28 C.F.R. § 2.23(b) (1975), the regional Administrative Hearing Examiner was called upon to cast the deciding vote. The decision was to continue plaintiff in confinement until another hearing in June of 1978.

Plaintiff was informed of this decision by a "Notice of Action" dated May 20, 1975. This Notice explained the decision by giving the following reasons:

"Your offense behavior has been rated as greatest severity. You have a salient factor score of 11. You have been in custody a total of 21 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 36 + months to be served before release.

Board policy limits a continuance to not more than 36 months without review. Your continuance has been limited by this policy.

Your release at this time would depreciate the seriousness of the offense committed and thus is incompatible with the welfare of society."

Plaintiff has exhausted his administrative remedies.

## OPINION

28 C.F.R. § 2.13(d) (1975) requires an examiner panel to give a prisoner written reasons for their decision to deny him parole. 28 C.F.R. § 2.25(d)(1) sets forth as a ground upon which a prisoner may appeal the decision of an examiner panel that "[t]he reasons given for a denial or continuance do not support the decision . . .." Reading these sections together, a prisoner who is denied parole or continued is entitled under the regulations to receive written reasons which support the decision.

■ The rights afforded the prisoner by the regulations of the Parole Board would be secured to him even in the absence of these regulations. The federal parole authorities are required by 5 U.S.C. § 555(e) (1970), *King v. United States*, 492 F.2d 1337, 1345 (7th Cir. 1974), and the due process clause, *United States ex rel. Richerson v. Wolff*, 525 F.2d 797, 804 (7th Cir. 1975), to give a prisoner who has been denied parole "a brief statement of the grounds for denial." A sufficient statement is one which "enable[s] a reviewing body to determine whether parole has been denied for . . . no reason at all." *United States ex rel. Richerson v. Wolff, supra*, at 804 *quoting United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925, 934 (2d Cir.), *vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974). Clearly, the reasons given must be material to the decision which they purport to support.

The reasons given plaintiff do not support the length of the continuance ordered before he may be reconsidered for parole. The reference in the statement of reasons to the guidelines, *see* 28 C.F.R. § 2.20 (1975), bears only on whether plaintiff should be confined for more than 36 months and says nothing about why he should be confined for 57 months, nearly two years longer than the minimum suggested by the guidelines. The second paragraph of the statement of reasons explains that the continuance ordered for plaintiff was the longest continuance permissible under the Parole Board regulations. *See id.* § 2.14(c). The last paragraph of the explanation speaks only to "release at this time," and does not illuminate the selection of the maximum continuance.

The insufficiency of the reasons given plaintiff is compounded by the express disclaimer in the guidelines of their applicability to offenses of the "greatest" severity. In place of the ranges of confinement listed for offenses of "very high" and lesser severity, the guidelines state: "Greater than above—however, specific ranges are not given due to the limited number of cases and extreme variations in severity possible within the category." *Id.* § 2.20. Since no specific ranges are given for offenses of greatest severity, reference to the guidelines cannot explain the continuance ordered for plaintiff. *See Diaz v. Norton*, 376 F.Supp. 112, 115 (D.Conn.1974); *Cf. McGee v. Aaron*, 525 F.2d 825 (7th Cir. 1975).

■■ Even in the absence of a cross motion for summary judgment, judgment for the opposing party may be appropriate if the undisputed facts show

that the non-moving party is entitled to judgment. *Pitts v. Knowles*, 339 F.Supp. 1183, 1186 (W.D.Wis.1972). Since the undisputed facts in this case show that the reasons given plaintiff for the continuance were insufficient, plaintiff is entitled to judgment.

Courts granting relief to prisoners who have been denied parole without receiving any statement of the reasons for denial have typically ordered only a statement of the reasons for denial as a remedy. *See, e. g., Childs v. United States Board of Parole*, 511 F.2d 1270, 1272 (D.C.Cir. 1974); *Soloway v. Weger*, 389 F.Supp. 409, 412 (D.Minn.1974); *United States ex rel. Johnson v. Chairman of the New York State Board of Parole*, 363 F.Supp. 416, 419 (E.D.N.Y.1973), *aff'd* 500 F.2d 925 (2d Cir.), *vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974); *but see, Craft v. Attorney General of the United States*, 379 F.Supp. 538 (M.D.Pa.1974). On the other hand, courts granting relief on the ground that the reasons given for the denial of parole suggest that the decision to deny may have been reached arbitrarily typically order a new hearing. *See Diaz v. Norton, supra*, at 115–16; *Lupo v. Norton*, 371 F.Supp. 156, 164 (D.Conn. 1974).

The reasons given in this case for continuing plaintiff for the maximum period suggest arbitrary decision making rather than mere failure to provide a statement. The panel treated the decision to continue plaintiff in confinement for at least 36 additional months as though that decision followed from the guidelines. Therefore, a new hearing is necessary so that the timing of plaintiff's next consideration for parole may be decided on the basis of criteria relevant to that decision.

## ORDER

It is ordered that defendant shall, within 90 days of the entry of this order, afford plaintiff an opportunity to be heard on when he shall be permitted to reapply for parole. This hearing shall be conducted in accordance with the procedures established for parole eligibility hearings, except that plaintiff's eligibility for immediate parole need not be considered.