UNITED STATES of America ex rel. Truman L. JACOBY, Jr., Petitioner,

v.

Floyd ARNOLD, Warden, U. S. Penitentiary at Lewisburg, and the United States Parole Commission, formerly known as the United States Board of Parole, Respondents.

Civ. No. 76–1119.

United States District Court,
M. D. Pennsylvania.

Feb. 2, 1977.

Frederick M. Eaton, New York City, Louise O. Knight, Lewisburg, Pa., for petitioner.

S. John Cottone, U. S. Atty., Scranton, Pa., for respondents.

## MEMORANDUM

NEALON, Chief Judge.

■ Petitioner is presently incarcerated at the United States Penitentiary in Lewisburg, Pa. as a result of a guilty plea he entered to an indictment for second-degree murder. A regular adult sentence of 20 years was imposed on April 14, 1970 under 18 U.S.C. § 4202 by Judge Oren R. Lewis of the Eastern District of Virginia. By notice of action dated February 19, 1976 petitioner was denied parole and continued until February 1978 despite the existence of many factors favorable to his parole application. Petitioner, with counsel, has filed this action under 28 U.S.C. § 2241 seeking release from custody and contending (1) that the denial of parole defeated the reasonable sentencing expectations of Judge Lewis; (2) that the Parole Commission relied upon an impermissible consideration; and (3) that the statement of reasons supplied petitioner in the notice of action was inadequate under the Commission's own regulations. On August 25, 1976, after exhaustion of administrative remedies, this habeas corpus action was filed. Respondents' answer was filed October 20. Petitioner filed a supplemental memorandum November 9,

and respondents filed a supplemental response November 26. Since there are no disputed issues of fact, an evidentiary hearing has not been conducted. *See* 28 U.S.C. § 2243. *Compare Yarnal v. Brierley,* 324 F.Supp. 311 (W.D.Pa.1971), *aff'd,* 468 F.2d 816 (3d Cir. 1972), *cert. denied,* 410 U.S. 940, 93 S.Ct. 1405, 35 L.Ed.2d 607 (1973), *with United States ex rel. Jones v. Brierley,* 276 F.Supp. 567 (E.D.Pa.1967).

In imposing sentence Judge Lewis stated: "[. . . U]nder federal law you are entitled to be reviewed for parole or probation, as it is called, in serving a third of [the sentence]. The Court knows that when it fixes the sentence. The Court knows how old you are and of course I know what a third of a sentence is and that is the *maximum time that you would have to serve* unless, of course, you get obstreperous in the institution, you don't cooperate, you don't want to be rehabilitated, you start fighting the establishment, you might have to serve it all." [emphasis added]

█ Petitioner contends that in imposing a 20-year sentence Judge Lewis expected petitioner to be paroled after six years and eight months (80 months) unless petitioner had a poor institutional adjustment. It is clear from the record that his adjustment has been good. The February 19, 1976, notice of action stated that petitioner had served 78 months at that time.[1] In continuing petitioner to February 1978, at which time petitioner would have served about 102 months, petitioner argues that the Parole Commission is acting in derogation of the intent of the sentencing judge.

This claim should be heard initially by Judge Lewis in an action pursuant to 28 U.S.C. § 2255.[2] Exhaustion of this remedy is a prerequisite to relief under § 2241. *Wiley v. United States Board of Parole,* 380 F.Supp. 1194, 1201 (M.D.Pa.1974), *citing Strollo v. Alldredge,* 463 F.2d 1194 (3d Cir.), *cert. denied,* 409 U.S. 1046, 93 S.Ct. 546, 34

L.Ed.2d 497 (1972). Respondents contend, and petitioner has conceded in his supplemental brief, that § 2255 provides a remedy when the sentencing expectations of a judge are frustrated by events accompanying a prisoner's parole application. Some cases provide support for this notion. *See, e. g., United States v. Salerno,* 538 F.2d 1005 (3d Cir.), *reh. denied,* 542 F.2d 628 (3d Cir. 1976); *United States ex rel. Kearns v. United States,* Civil No. 76–736 (M.D.Pa., Aug. 13, 1976). Judge Lewis should be free to determine what his intent was at the time of sentencing, whether the subsequent actions of the Parole Commission have been in derogation of that intent, and whether relief under 2255 is to be provided. As it now appears, there is no reason for me to speculate as to the answers to such questions. *See Salerno,* 538 F.2d at 1009. Consequently, this claim will be dismissed for failure to exhaust a remedy available under § 2255 in a petition before Judge Lewis.

Petitioner also contends that the Parole Commission relied upon an impermissible criterion, viz. that release would "depreciate the seriousness of your offense," and that the statement of reasons was inadequate. By notice of action dated February 19, 1976 petitioner was denied parole by an examiner panel:

Your offense behavior has been rated as greatest severity because a life has been taken. You have a salient factor score of 10. You have been in custody a total of 78 months. Guidelines established by the [Commission] for adult cases which consider the above factors indicate a range of 36 or more months to be served before release for cases with good institutional program performance and adjustment. [Commission] guidelines for greatest severity cases do not specify a maximum limit. Therefore the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behavior examples

---

1. The record is somewhat confused on the question of how long petitioner has been incarcerated. Three months later, the National Appellate Board indicated that custody totalled 82 months; six months after the February notice, petitioner stated that he had served 83 months.

2. Judge Lewis has since taken Senior status.

listed in the very high severity category. After a review of all relevant factors and information presented, it is found that a decision outside the guidelines does not appear warranted.

As indicated in this notice, petitioner was placed in the category of "greatest" severity of offense behavior because he was a convicted murderer. In addition petitioner rated a salient factor score of 10 indicating an excellent parole prognosis. Following appeals, the National Appellate Board affirmed the denial of parole, stating in part that release would "depreciate the seriousness of the offense." [3]

In accordance with the regulations in effect during this period, a prisoner with a salient factor score of 10 but with only a "very high" severity of offense behavior could expect parole after serving 26 to 36 months.[4] However, guidelines do not exist for parole applicants, such as petitioner, who are in the "greatest" category of offense behavior. As set forth in the regulations, guidelines cannot be provided such prisoners because of the "limited number of cases and the extreme variations in severity possible within the category."[5] Guidelines do not exist because, for example, the sentences served by persons convicted of murder do not fall within a reasonably narrow range, but instead vary considerably, from the highest limit for the "very high" category up to mandatory release. Consequently, petitioner, as a prisoner in the "greatest" category, was in a position analogous to a prisoner in the "very high" category who, because of aggravating circumstances, is continued beyond his guideline period.[6]

While due process may require an adequate statement of reasons after a denial of parole in order to facilitate judicial review, see *Garcia v. United States Board of Parole,* 409 F.Supp. 1230, 1235 (N.D.Ill. 1976); *Soloway v. Weger,* 389 F.Supp. 409, 411 (M.D.Pa.1974), the parole regulations themselves also mandate an adequate statement in order to permit full exercise of an applicant's right of appeal. *See* 40 Fed. Reg. 41329 (Sept. 5, 1975) (Background Statement, part (B)(b)(3) *citing Fisher v. United States,* 382 F.Supp. 241 (D.Conn. 1974)). *See also Bowman v. United States Board of Parole,* 411 F.Supp. 329, 330 (W.D. Wis.1976). *Cf. Robinson v. United States Board of Parole,* 403 F.Supp. 638, 640 (W.D. N.Y.1975). Therefore, the inquiry now, although highly circumscribed, must focus on the February 19 notice of action, set forth *supra,* as well as notice provided by the National Appellate Board to petitioner after his appeals.

There are five elements in the February 19 notice: (1) petitioner's classification in the "greatest" category; (2) his salient factor score of 10; (3) the 78 months petitioner had been incarcerated; (4) reference to the guideline range of 26–36 months which would be applicable were petitioner classified in the "very high" category; and (5) a statement that, after comparing petitioner's case with the usual case in the "very high" category, a decision "outside the guidelines" was not warranted. This latter statement was not very meaningful since there are no guidelines for prisoners in the "greatest" category and since petitioner had served a period in excess of the range provided those

---

**3.** This notice of action, dated May 25, 1976, followed closely the language of the earlier notice. However, the National Appellate Board made no reference to nonexistent guidelines, stating instead that release would "depreciate the seriousness of the offense."

**4.** *See* 40 Fed.Reg. 41333 (Sept. 5, 1975) (§ 2.20; Adult).

**5.** *Id.* Petitioner has cited no cases in support of his additional claim that the failure to promulgate guidelines for prisoners in the "greatest" category denies them equal protection. I have recently rejected a similar claim.

*See United States ex rel. Brown v. United States Board of Parole,* Civil No. 76–605 (M.D. Pa., memorandum of January 31, 1977).

**6.** The analogy of prisoners in the "greatest" category to those in the "very high" category who are continued beyond their guidelines has been expressly made by the government to defend the absence of guidelines for the "greatest" severity category. *See* Respondent's Answer in *United States ex rel. Brown v. United States Board of Parole,* Civil No. 76–605 (M.D. Pa., filed May 18, 1976).

in the "very high" category. The notice of action from the National Appellate Board corrected this mistake and added a sixth element, that release would "depreciate the seriousness of the offense."

In the ordinary case, where potentially applicable guidelines exist and where a decision is reached to apply those guidelines after a finding that no special aggravating or mitigating factors are present, I am satisfied that a notice of action containing the first four elements listed *supra* (the category of offense behavior, the salient factor score, the period of incarceration, and the applicable guidelines period) followed by the conclusion that a decision outside the guidelines was not warranted would constitute an entirely sufficient notice. *See deVyver v. Warden,* 388 F.Supp. 1213, 1219 (M.D.Pa.1974) (Sheridan, C. J.); *Lupo v. Norton,* 371 F.Supp. 156, 162 (D.Conn.1974) (Newman, J.). The guidelines, applied in the great majority of cases,[7] provide a safeguard against arbitrary action, and, when an applicant feels that unusual mitigating factors are present, the applicant can argue on appeal in reference to the ordinary case and the guidelines. Clearly, in cases where an applicant is continued beyond a guideline period applicable to his category of offense behavior, there must be a reason for that action beyond the four elements *supra* and that reason should be stated in the notice to facilitate the appeal provided by regulation. *See Lupo,* 371 F.Supp. at 163. For prisoners such as petitioner who are in the "greatest" category and who, in effect, are continued beyond the guideline period for the "very high" category, an analogously required reason must exist for such action. *See Bowman v. United States Board of Parole,* 411 F.Supp. 329, 330 (W.D.Wis.1976). Respondents argue that the seriousness of the offense, viz. that a "life has been taken," is such a reason.

The question of whether the "seriousness of the offense" is an understandable and sufficient reason for the denial of parole has been faced by this Court before. *See Soloway v. Weger,* 389 F.Supp. 409 (M.D.Pa.1974). In *Soloway* I held that "depreciating the seriousness of the offense" would be an adequate reason only if it could be clearly ascertained that the specific circumstances of the crime and petitioner's participation in it, and not merely the type of crime generally, was the reason for the denial of parole. *See also Stassi v. Hogan,* 395 F.Supp. 141 (N.D.Ga.1975); *Billiteri v. United States Board of Parole,* 385 F.Supp. 1217 (W.D.N.Y.1974); *Craft v. Attorney General,* 379 F.Supp. 538 (M.D.Pa.1974). The problem with the statement was its ambiguity; were it clear that specific circumstances had been relied upon, I stated that I would not "second guess" the parole decision. *Cf. Zannino v. Arnold,* 531 F.2d 687 (3d Cir. 1976). But since the decision could have been based merely upon the type of offense, it could not be ascertained whether the Commission acted lawfully and nonarbitrarily.

A similar problem exists when the "seriousness of the offense" generally is used as a reason for the denial of parole to a prisoner, such as petitioner, in the "greatest" category. Such a general reason would be sufficient were petitioner at or below the guideline period for the "very high" category; in such circumstances, the offense itself, being in the "greatest" category and more severe than those offenses in the "very high" category, could be the reason for the denial of parole and could in effect constitute aggravating circumstances justifying continuation to the end of the "very high" guideline range.[8] However, once a "greatest" prisoner is beyond the "very

---

7. *See Kortness v. United States,* 514 F.2d 167, 169 & n. 3 (8th Cir. 1975); *Grasso v. Norton,* 376 F.Supp. 116, 119 (D.Conn.1974).

8. Similarly, for prisoners not in the "greatest" category who have potentially applicable guideline periods, the offense itself supports a parole decision only if it is within the guideline range and not if the decision exceeds that range. *See deVyver v. Warden,* 388 F.Supp. 1213, 1219 (M.D.Pa.1974) (Sheridan, C. J.); *Diaz v. Norton,* 376 F.Supp. 112, 115 (D.Conn. 1974) (Newman, J.); *Lupo v. Norton,* 371 F.Supp. 156, 163 (D.Conn.1974) (Newman, J.).

high" guidelines, the offense generally, as indicated by statements that release would "depreciate the seriousness of the offense," ceases to be an adequate reason. *Bowman v. United States Board of Parole,* 411 F.Supp. 329, 330 (W.D.Wis.1976). *See Reo v. Sigler,* Civil No. N–76–194 (D.Conn., Sept. 22, 1976) (appended to respondents' answer) (Zampano, J.) (reasons relating to specific circumstances of the crime held adequate). *Cf. Garcia v. United States Board of Parole,* 409 F.Supp. 1230, 1236–39 (N.D. Ill.1976) (general nature of offense inadequate to explain parole denial for prisoner with excellent record).[9] Similar to the requirement in *Soloway,* what is needed once a "greatest" prisoner is continued beyond the "very high" guideline period is a statement of reasons showing that the Commission has considered the specific circumstances of the prisoner's crime and has, in the exercise of its discretion, used those circumstances to determine specifically *where,* between the maximum for the "very high" category and mandatory release, the prisoner should be placed. Since there was

no statement of reasons indicating why the Commission found that petitioner's specific criminal actions justified denial of parole and continuation till February, 1978, petitioner was precluded from effectively arguing an appeal. Essentially, the Commission told petitioner that he had been convicted of murder,[10] clearly a severe offense. Since he was obviously unable to argue that he had not been convicted of murder, he could not argue on the basis of the *statement of reasons* that his incarceration was too long. *See United States ex rel. Johnson v. Chairman of New York State Board of Parole,* 500 F.2d 925, 928–30 (2d Cir.), *vacated as moot sub nom. Regan v. Johnson,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974).

Were I merely to require that additional reasons be supplied, respondents could no doubt insure that unhampered judicial review over the decision-making process would be possible.[11] However, such relief would not remedy the requirement under the Commission's own regulations that

*Cf. United States ex rel. Richerson v. Wolff,* 525 F.2d 797, 800–03 (7th Cir. 1975) (state prisoner).

9. Two opinions by the late Chief Judge Sheridan, cited by respondents in the appendix to their answer, appear to be contrary to my analysis. *See United States ex rel. Thompson v. Levy,* Civil No. 74–1478 (M.D.Pa., Feb. 28, 1976), *appeal docketed,* Civil No. 75–1478 (3d Cir., filed Apr. 16, 1976); *Mallory v. United States Attorney General,* Civil No. 75–1286 (M.D.Pa., Jan. 29, 1976). The *Mallory* case is distinguishable from this decision since the petitioner there, while he was also in the "greatest" category, received his hearing before the end of the guideline range for the "very high" category. I have stated that the continuation of a "greatest" prisoner to the end of the "very high" guideline period can be based upon the offense itself. The *Thompson* decision dealt primarily with other unrelated issues, but Chief Judge Sheridan held in part that his previous holding in *deVyver* (requiring that more than the general "seriousness of the offense" be relied upon when a prisoner was continued beyond his guidelines) was inapplicable since there were no guidelines applicable to "greatest" prisoners. Chief Judge Sheridan did not deal extensively with this issue, and cited no other cases. In addition, it shall be noted that the effect of this portion of the *Thompson* decision is to significantly lessen the protection

against arbitrary action available to "greatest" prisoners. No guidelines exist for such prisoners. Indeed the regulations themselves state that guidelines are not provided, in part, because of the extreme variations in severity possible within the "greatest" category. *See* text at note 5 *supra.* Yet, under *Thompson* the Commission is permitted to continue a prisoner anywhere after the "very high" guidelines up to the date of mandatory release, merely on the basis of the general "seriousness of the offense." Consequently, the effect of the *Thompson* decision is directly in conflict with my decision in *Soloway.*

10. As I have indicated, the offense itself would be an acceptable reason for denial of parole were petitioner still at or below the 26–36 month guideline period for the "very high" category. But petitioner had served 78 months at that time, and would have served 102 months at the time of his next hearing.

11. The Third Circuit has recently held that, *when adequate reasons are stated,* district courts may merely require a "fuller showing of the factual bases underlying the reasons" given in a notice of action. *Zannino v. Arnold,* 531 F.2d 687, 692 (3d Cir. 1976). *Zannino* did not involve a situation where inadequate reasons had been provided. *Id.* at 691 n.19.

petitioner be afforded an effective opportunity to appeal a denial of parole administratively. Nevertheless, while the Commission has discretion to schedule a hearing when warranted, from the record there appears to be no need to order an additional in-person parole hearing. The issue in this case upon which relief will be granted relates to the adequacy of the statement of reasons. Therefore, unless the Parole Commission for its own reasons promptly schedules a hearing, the order in this action will be limited to the requirement that a parole decision be reached as evidenced by an adequate statement of reasons, that this statement be supplied petitioner, and that he be afforded an opportunity to appeal an adverse decision. Crucial here is that the Commission consider all the relevant factors in the record,[12] see *United States ex rel. Johnson v. Chairman of New York State Board of Parole,* 500 F.2d 925, 934 (2d Cir.), vacated as moot sub nom. *Regan v. Johnson,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), and, if parole is denied because of the specific circumstances of his offense, that these specific circumstances be cited in the statement of reasons. Since petitioner has been confined beyond the guideline range applicable to the "very high" category of prisoners, and since there is no guideline range applicable to prisoners in the "greatest" category, the general "seriousness of the offense" would not be an adequate reason.

### ORDER

NOW, this 2nd day of February 1977, in accordance with the memorandum this day filed, it is hereby ordered that petitioner's claim that the denial of parole defeated the reasonable sentencing expectations of Judge Oren R. Lewis is dismissed for failure to exhaust remedies available under 28 U.S.C. § 2255. And further it is ordered that, unless the Parole Commission decides to conduct a new in-person hearing within

thirty (30) days to consider petitioner's parole application, the Commission promptly reconsider the application on the record, provide petitioner with an adequate statement of reasons for the decision within thirty (30) days, and permit petitioner to appeal from the decision if adverse.

---

**12.** Petitioner argues that the failure to give controlling weight to to certain favorable factors in his record makes the Commission's decision arbitrary and capricious. However, our inquiry is much more limited, extending only to the question of "whether there is a rational basis in the record" for the Commission's conclusions, and not including the stricter test that petitioner's argument would require. *Zannino v. Arnold,* 531 F.2d 687, 692 (3d Cir. 1976).