UNITED STATES of America, Plaintiff,

v.

Angelo BOCCADISI, Defendant.

No. 77 CR 251.

United States District Court,
E. D. New York.

April 9, 1979.

Edward R. Korman, U. S. Atty., Brooklyn, N. Y., for plaintiff.

Angelo Boccadisi, pro se.

GEORGE C. PRATT, District Judge:

On March 23, 1978, Angelo Boccadisi was sentenced by this court to 10 years impris-

onment under 18 U.S.C. § 4205(b)(2), to be eligible for parole at such time as the Parole Commission may determine, with a recommendation for early parole should his changed attitude prove to be real rather than feigned. On March 19, 1979 this court received a letter from Mr. Boccadisi, who is confined at the United States Penitentiary, Marion, Illinois, in which Mr. Boccadisi complained about improper actions of the parole commission and requested relief under 28 U.S.C. § 2255. The letter says that the parole board was ignorant of the facts that Mr. Boccadisi had cooperated with government prosecutors, that he now had a wife and baby daughter, and that he had become a Christian. The letter says, too, that the parole board knew nothing of this court's "letter" recommending early parole (Mr. Boccadisi is presumably referring to this court's Report on Sentenced Offender, form AO 235, dated March 27, 1978). Arguing that the parole board acted illegally and contrary to this court's sentence, Mr. Boccadisi asks for correction of his sentence under 28 U.S.C. § 2255.

■ Requests for relief based on illegal or improper actions of the parole board are cognizable under 28 U.S.C. § 2241 and not under 28 U.S.C. § 2255. This is the explicit holding of the court in *Wright v. United States Board of Parole*, 557 F.2d 74 (CA6 1977):

Section 2255, however, does not grant jurisdiction to a district court over all post conviction claims, but has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence. The latter claim is cognizable solely under § 2241. [citations].

As we read the complaint of Wright, filed in the district court, it attacks not the sentence imposed, but rather the execution of that sentence by the Parole Commission's interpretation of its guidelines. To that extent, therefore, we hold that the complaint was one which was cognizable only by a proceeding under 28 U.S.C. § 2241, commenced in the district

court having territorial jurisdiction over Wright's custodian. *Id.* at 77.

See also *United States v. DiRusso*, 535 F.2d 673 (CA1 1976); *United States v. DiRusso*, 548 F.2d 372 (CA1 1976); *Jarrells v. United States*, 396 F.Supp. 761 (D.C.Md.1975).

In support of his § 2255 motion before this court, Mr. Boccadisi cites *United States v. Slutsky*, 514 F.2d 1222 (CA2 1975). In *Slutsky*, relief was granted on a timely motion for reduction of sentence under F.R. Cr.P. 35; but no such relief is permissible here, more than 120 days after sentencing. There was no discussion in *Slutsky* of the availability of relief under 18 U.S.C. § 2255. *Wright* and the other cases cited establish that § 2241, not § 2255, applies here.

These same cases hold that a § 2241 action based on improper actions of the parole board must be brought in a court of the jurisdiction in which the prisoner is confined. Mr. Boccadisi is confined in the United States Penitentiary, Marion, Illinois, leaving this court without jurisdiction to consider his § 2241 petition.

Accordingly, Mr. Boccadisi's letter seeking relief under 28 U.S.C. § 2255 is treated as a petition under 28 U.S.C. § 2241. Leave to proceed *in forma pauperis* is granted, and the clerk shall docket this as a new civil case. The petition is dismissed for lack of jurisdiction, but without prejudice to the filing of a similar petition seeking relief under § 2241 in the district court of the jurisdiction in which he is confined. The clerk is directed to copy the exhibits submitted with the petition, attach the copies to the original petition and return the originals to the petitioner along with a copy of the original petition and the court's AO 235 form.

SO ORDERED.