531 F.2d 687
 ZANNINO, Ilario,
v.
ARNOLD, Floyd E., Warden, U.S. Penitentiary, and Sigler,
Maurice H., Chairman, U.S. Board of Parole.
Appeal of UNITED STATES of America.
 No. 75--2101.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 6, 1976.
Decided Feb. 19, 1976.
 
 Richard L. Thornburgh, Asst. Atty. Gen., Robert L. Keuch & Patrick J. Glynn, Attys., Dept. of Justice, Washington, D.C., Sal Cognetti, Jr., Asst. U.S. Atty., Scranton, Pa., Robert F. Haley, II, Philadelphia Strike Force, Dept. of Justice, Philadelphia, Pa., for appellant.
 Francis J. DiMento, DiMento & Sullivan, Boston, Mass., for appellee.
 Before VAN DUSEN, ADAMS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Circuit Judge.
 As of April 7, 1975, when the petition for a writ of habeas corpus now before the court was filed, petitioner, Ilario Zannino, had been confined for approximately 34 months and was then incarcerated in the U.S. Penitentiary at Lewisburg, Pa., where he was serving a six-year sentence[1] for transporting goods in interstate commerce, knowing the same to have been stolen, in violation of 18 U.S.C. §§ 2 and 2314.[2] The district court granted the petition for a writ of habeas corpus. We reverse.
 After a parole hearing on August 12, 1974, an en banc Parole Board order of October 8, 1974, denied the application and ordered that Zannino's sentence be continued to expiration. The reasons given for this disposition included this language:
 After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration appears warranted because of the magnitude of the offense and information received from the Justice Department regarding your involvement in organized crime.'[3]
 
 
 1
 An appeal review hearing by the entire Board was held on January 14, 1975, at which petitioner appeared through his counsel. On January 20, 1975, the Board reaffirmed its previous disposition, stating its reasons as follows (5a):
 
 
 2
 'Your offense behavior has been rated as very high severity. You have a salient factor score of 9. You have been in custody a total of 31 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 26--36 months to be served before release for cases with good institutional program performance and adjustment. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration appears warranged (sic). There is not a reasonable probability that you would live and remain at liberty without violating the law.'[4]
 
 
 3
 Zannino filed the instant petition for a writ of habeas corpus[5] on April 7, 1975, alleging that:
 
 
 4
 'The United States Board of Parole has determined, arbitrarily and capriciously, without supporting evidence and in violation of petitioner's rights to due process of law and the equal protection of the laws, that petitioner is not entitled to be considered for parole within the published guidelines of the Board and is not entitled to parole at any time.'[6]
 
 
 5
 The Parole Board reopened Zannino's case sua sponte on May 6, 1975. On June 19, 1975, a new order was entered, again continuing Zannino's case to the expiration of his sentence, as explained in the following affidavit filed by the Parole Board:
 
 
 6
 'On May 6, 1975, it was brought to the attention of the Regional Director that adequate reasons had not been stated in the January 20, 1975, Order, for the continuance outside of the guidelines. The case was therefore reopened on that date and referred to the National Appellate Board for a new decision pursuant to 28 C.F.R. Section 2.28. On June 19, 1975, an order was entered again continuing Mr. Zannino's case to the expiration of his sentence. The reasons given for the departure from the guideline range indicated were as follows:
 
 
 7
 'The offense was part of a large scale organized criminal conspiracy or ongoing criminal enterprise. An unusually sophisticated or professional manner was evident in planning or commission of the offense.'
 
 
 8
 'Thus, it was concluded by the Board that Mr. Zannino's offense behavior was more serious than the statute violated or actual dollar value involved would indicate. Mr. Zannino's mandatory release date is June 12, 1977.'[7]
 
 
 9
 This order also contained the following language:[8]
 
 
 10
 'After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration appears warranted.'[9]
 
 
 11
 On September 12, 1975, the district court found that the reasons given in the June 19, 1975, order were adequate for continuing confinement beyond the guidelines period, but that 'the reasons given lack a reasonable factual basis.'[10] The court held that because the Board's decision lacked a reasonable factual basis, it was arbitrary and capricious. The court went on to order that a writ of habeas corpus would issue, discharging Zannino from custody, unless the Board granted him release on parole. On October 2, 1975, the court issued the writ, directing that Zannino be released 'as on parole.'[11]
 
 
 12
 An important threshold issue in this case is the question of whether a federal district court has jurisdiction to review the Parole Board's decision. In its brief, the Government contended that the broad statutory grant of discretion precluded 'judicial review of the ultimate determinations made by the Board . . ..'[12] The statute, 18 U.S.C. § 4203(a), does indeed invest the Board with broad discretion:
 
 
 13
 'If it appears to the Board of Parole . . . that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole. . . .'
 
 
 14
 The Board's own regulations require it to give a statement of reasons to a prisoner denied parole. 28 C.F.R. § 2.13. The Board complied with its regulation and did give reasons for the denial of parole. The precise question we must decide is whether a federal district court, under its habeas corpus jurisdiction, can review the adequacy of the evidence on which the conclusions embodied in such a statement of reasons are based.
 
 
 15
 Analogizing the instant case to one under the Administrative Procedure Act, the Government notes that 5 U.S.C. § 701(2) makes the judicial review sections of the APA inapplicable to the extent that 'agency action is committed to agency discretion by law.'[13] The analogy is not persuasive. The considerations relevant to the scope of review of agency action which could be challenged under the APA by anyone 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute' (5 U.S.C. § 702) are not necessarily involved in review of agency action which is challenged by a person eligible to seek habeas corpus relief.
 
 
 16
 Also, to interpret 18 U.S.C. § 4203(a) as precluding any judicial inquiry into the adequacy of the evidence on which the conclusions embodied in the Board's statement of reasons for denying parole were based would raise troublesome constitutional issues.[14] As the Supreme Court has stated, '(t) he touchstone of due process is protection of the individual against arbitrary action of government.'[15] In light of these considerations, we are unable to read 18 U.S.C. § 4203(a) as precluding any such inquiry. The role of judicial review of a Parole Board decision on application for a writ of habeas corpus is to insure that the Board has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations.[16] In other words, the function of judicial review is to determine whether the Board abused its discretion. This function cannot be fulfilled without making some inquiry into the evidence relied on by the Board to support its expressed reasons for denying the parole.[17]
 
 
 17
 Congress has invested the Parole Board with broad discretion. The district court may not substitute its judgment for that of the Board, and, therefore, the scope of its review is very limited. In this case, the district court must determine whether the information relied on by the Board[18] to support its admittedly adequate reasons[19] was sufficient to provide a factual basis for those reasons. The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons.
 
 
 18
 An appellate court's examination of the district court's review of Parole Board action includes a determination of whether the district court correctly applied proper legal precepts in examining the record and whether such record contained adequate supporting material. On this record, we have concluded that there is adequate supporting information showing a rational basis for the Board's conclusion.
 
 
 19
 The Board gave two reasons: (1) '(t)he offense was part of a large-scale organized criminal conspiracy or ongoing criminal enterprise;' and (2) '(a)n unusually sophisticated or professional manner was evident in the planning or commission of the offense.' The only evidence in the record supporting these reasons was contained in the petition; an affidavit of John Sicoli, senior analyst for the Board in the northeast region; an FBI parole report dated January 22, 1971; and the opinion of the First Circuit affirming Zannino's conviction, United States v. Strauss, 443 F.2d 986 (1st Cir. 1971). Zannino countered this evidence with his sworn petition for habeas corpus relief, which cites the Strauss opinion, and with a sworn traverse by his counsel, Francis J. DiMento.
 
 
 20
 The FBI parole report (16a), an affidavit of a senior parole analyst (13a--14a), and the Strauss opinion provide support in this record for the statement that Zannino's offense was part of a large-scale organized criminal conspiracy. The relevant portion of the report reads in full:
 
 
 21
 'Convict has been named in Valachi Hearings and by Senator McClellan's Senate Subcommittee as a leading crime syndicate figure in New England. Federal District Judge, in sentencing, mentioned that fact specifically and stated that he added two years because of it.'
 
 
 22
 App. at 16. Zannino attempted to counter this information by arguing that the above allegation made against him at those hearings was unreliable,[20] and that he had not been able to appear before the committees in order to challenge those charges. The Strauss opinion, at 990--91 of 443 F.2d, contains this language:
 
 
 23
 '. . . the trial judge stated that he based his decision to sentence defendants Zannino and Limone to seven years, rather than five, on reputation testimony presented before two Senate committees to the effect that they are prominent members of a criminal syndicate in the Boston area. . . . (M) embership in a criminal syndicate is clearly relevant to questions of corrigibility and likelihood of reformation in a short period of time. . . . We also note that the evidence in question was not idle gossip but sworn testimony presented in the course of formal congressional investigations. And, both defendants and their counsel were given an opportunity to rebut this evidence.'
 
 
 24
 Zannino's refutation did not make the FBI report and the Strauss opinion disappear. Though hearsay, they could legitimately be taken into account by the Parole Board. See Williams v. New York, 337 U.S. 241, 246--51, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); United States v. Strauss, 443 F.2d 986, 990--91 (1st Cir. 1971). See also United States v. Tucker, 404 U.S. 443, 446--47, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).[21] It would be another matter entirely if Zannino had shown that he had not been named in the Valachi hearings or by Senator McClellan's subcommittee as a crime syndicate figure.[22]
 
 
 25
 The First Circuit's opinion affirming Zannino's conviction, United States v. Strauss, 443 F.2d 986 (1st Cir. 1971), contains an outline of the offense, as does the FBI parole report. These outlines are the best evidence in this record supporting the Board's conclusion about the sophistication of the way the crime was carried out. Petitioner attempts to rebut the Board's conclusion by characterizing the crime shown by the evidence to be 'nothing more than a classicly (sic) simple purchase of stolen property.' Appellee's brief at 7. We think it within the broad discretion of the Parole Board to conclude that negotiating the transfer of stolen diamonds, property worth more than $100,000., is not a 'classicly (sic) simple purchase of stolen property' when the crime itself, the interstate transportation of over $100,000. worth of stolen diamonds, together with the ability of petitioner to secure promptly an appraiser of such valuable stolen items, supports the Board's conclusion that the offense was committed in an unusually sophisticated or professional manner.
 
 
 26
 It would have been, and would be, within the sound discretion of the district court, to have required the Parole Board, after remand, to make a fuller showing of the factual bases underlying the reasons given in the June 19 order. The district court, however, went far beyond this and ordered that Zannino be released as on parole unless the Board granted him parole. While the evidence is not as complete as it might be, and while the Board in the future should buttress its reasons more fully, the Board has demonstrated some factual basis for its stated reasons for denying parole.
 
 
 27
 The order of the district court will be reversed. The mandate shall issue forthwith. Costs taxed against petitioner.
 
 
 
 [1]
 Zannino was initially sentenced on January 18, 1971, to a term of seven years and a fine of $5,000. Apparently the trial judge, in determining the length of the sentence, considered a prior state court conviction. On June 25, 1974, the trial judge declared that previous state conviction illegal and resentenced Zannino to a term of six years without any fine
 
 
 [2]
 Zannino's conviction was affirmed in United States v. Strauss, 443 F.2d 986 (1st Cir. 1971). The district court's denial of a motion for a new trial, based on allegedly newly discovered evidence, was affirmed in United States v. Zannino, 468 F.2d 1299 (1st Cir. 1972)
 
 
 [3]
 Petition for writ of habeas corpus, Document No. 1, in Zannino v. Arnold, Civ. No. 75--414 (M.D.Pa., Sept. 12, 1975), reprinted in appendix at p. 4. The entire order of October 8, 1974, is not part of the record
 
 
 [4]
 Id. The entire order of January 20, 1975, itself is not part of the record. The last sentence of the quoted language tracks closely the language of the parole statute, 18 U.S.C. § 4203(a), which is discussed infra
 
 
 [5]
 Though Zannino is a federal prisoner, this petition correctly seeks relief under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. Petitioner does not attack his sentence and, therefore, § 2255 is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255
 
 
 [6]
 The Board has issued paroling policy guidelines, 28 C.F.R. § 2.20, which 'indicate the customary range of time to be served before release . . ..' The guidelines take into account 'various combinations of offense (severity) and offender (parole prognosis) characteristics.' The regulations further provide that '(t)hese time ranges are merely guidelines. Where the circumstances warrant, decisions outside of the guidelines (either above or below) may be rendered.'
 
 
 [7]
 Affidavit of John F. Sicoli, Document No. 13, in Zannino v. Arnold, Civil No. 75--414 (M.D.Pa., Sept. 12, 1975), reprinted in appendix at 13--14
 
 
 [8]
 Document 13 in Zannino v. Arnold, Civil No. 75--414 (M.D.Pa., Sept. 12, 1975), reprinted in appendix at 17--18
 
 
 [9]
 The guidelines called for release on parole after 26--36 months in confinement in the normal case. As of June 19, 1975, petitioner had been in custody for 37 months
 
 
 [10]
 Zannino v. Arnold, Memorandum of September 12, 1975, at 3, appendix at 21a (Civil No. 75--414, M.D.Pa.)
 
 
 [11]
 The October 2 order replaced an order issued the day before which directed that Zannino be released from all custody. Petitioner contends that the October 1 order contained the appropriate form of relief and urges us to vacate the October 2 order and to reinstate the October 1 order. Since Zannino did not file a cross-appeal raising this or other issues, we cannot reach it. See Swarb v. Lennox, 405 U.S. 191, 201, 95 S.Ct. 767, 31 L.Ed.2d 138 (1972)
 
 
 [12]
 Brief of appellant at 9. The Government's position is that not only does the ultimate determination of whether an individual should be granted parole fall outside the scope of judicial review but also the intermediate determinations on which that ultimate decision is based are beyond that scope
 
 
 [13]
 See K. Davis, Administrative Law Treatise, § 28.16 (Supp.1970)
 
 
 [14]
 See Wolff v. McDonnell, 418 U.S. 539, 555--65, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); Morrissey v. Brewer, 408 U.S. 471, 480--89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See generally, for an interesting and intricate analysis of the jurisdictional issues, Further Note on the Power of Congress to Limit the Jurisdiction of Federal Courts: An Exercise in Dialectic, in P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart and Wechsler's The Federal Courts and the Federal System, 330--360 (1973 ed.)
 
 
 [15]
 Wolff v. McDonnell, supra at 558, 92 S.Ct. at 2976
 
 
 [16]
 See Wolff v. McDonnell, supra at 564--65, 92 S.Ct. 2593, United States ex rel. Johnson v. Chairman, New York State Bd. of Parole, 500 F.2d 925, 929 (2d Cir. 1974); Kendler v. Wirtz, 388 F.2d 381 (3d Cir. 1968), discussed in Davis, supra at pp. 977--78 (Supp.1970). At oral argument, counsel for the Government seemed to concede this
 
 
 [17]
 We note that a decision lacking any evidentiary support would subvert the requirement of the Board's own regulations that the reasons for denial of parole be set out. 28 C.F.R. § 2.13(a). See Kohlman v. Norton, 380 F.Supp. 1073, 1075 (D.Conn.1974)
 
 
 [18]
 'The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.' SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943)
 
 
 [19]
 We note that petitioner Zannino does not challenge the adequacy of the reasons given in the June 19, 1975, order of the Board
 
 
 [20]
 In his habeas corpus petition, Zannino stated that the allegation arose 'out of the circumstance that (the witness making such allegations) had been the chief investigator responsible for petitioner's illegal state conviction, in December 1960, and, as a natural consequence of his success in obtaining the conviction, included the petitioner in his list of members of organized crime.'
 
 
 [21]
 In Williams, Strauss and Tucker, the Court held that it was permissible for a sentencing judge to consider hearsay and other normally inadmissible evidence in determining the sentence which sets the maximum and minimum terms of confinement. Since the Parole Board only has authority to determine the period of confinement within such limits, it seems clear that it should have the ability to consider the same hearsay available to the sentencing judge
 
 
 [22]
 See Kohlman v. Norton, 380 F.Supp. 1073, 1075 (D.Conn.1974). It might also be a different case if Zannino had presented substantive evidence which undermined the reliability of the statements made in the various hearings, as opposed to mere speculation about the motive of a law enforcement official, who is presumed to act in good faith. Cf. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)