**JOHN H. BLOCK, Petitioner**

v.

**EDWIN POTTER, Warden of the Adult Correctional Facility and THE VIRGIN ISLANDS GOVERNMENT, Respondent**

Civil No. 80-32

District Court of the Virgin Islands

Div. of St. Croix

April 10, 1980

---

JOEL HOLT, ESQ., Christiansted, St. Croix, V.I., *for petitioner*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, By: ROBERT A. ELLISON, ESQ., Assistant Attorney General (Department of Law) Christiansted, St. Croix, V.I., *for respondent*

CHRISTIAN, *Chief Judge*

## OPINION

This writ of habeas corpus is before the Court on a petition of John H. Block, an inmate seeking discharge from custody at the Golden Grove Prison, St. Croix. See 28 U.S.C.A. § 2255, 5 V.I.C. § 1301 et seq. Block was denied parole solely because of his advantageous social and economic background. At issue is whether the Parole Board's decision was an abuse of discretion in violation of Block's right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. The Court will hold that an inmate's background is an element of severity of his offense and, therefore, that the denial of parole was based on valid criteria.

Block is serving an eighteen-month sentence for fraudulent use of a credit card, 14 V.I.C. § 3004 (Supp. 1978). He is incarcerated at the Adult Correctional Facility located at Golden Grove Prison, which is under the jurisdiction of the Virgin Islands Bureau of Corrections. Block has satisfied all the requirements for eligibility for consideration for parole set forth in 5 V.I.C. § 4601 (Supp. 1978).

1. Block's "record of conduct shows that he has observed the rules of the institution in which he is confined."
2. Warden has recommended release;
3. Psychiatrist or psychologist has recommended release;
4. Block has served over one-third of his 18-month term.

The Parole Board met on December 4, 1979, and subsequently denied Block's request for parole. The Board found that "[t]here seemed to be no danger that he (Block) would get into trouble again, as far as the Board members could see." Exhibit 1. (Excerpts of Minutes of Parole Board Meeting.) However, the Board refused to grant parole

> on the theory that a person who has so many more advantages in life than those who are usually brought before the Virgin Islands Courts and convicted should be dealt with by the Board more harshly than those who are typical Virgin Islands parole applicants.

Queried at the hearing as to what characterizes one a typical Virgin Islands parole applicant, the Chairman of the Parole Board responded:

> . . . the vast majority of people that are applicants for parole whether they are confined in stateside facilities or in the Virgin Islands, they are typically black or Puerto Rican; they are typically grossly undereducated. They are also typically unskilled in terms of work skills to any large extent, at least relatively unsophisticated people. I would say in general. I am not sure that is all the factors that I would say is typical.

 In concluding that Block has such advantages the Board took note of his college and post-graduate education, dentistry practice, and substantial outside monetary assets. "The role of judicial review of a Parole Board decision on application for a writ of habeas corpus is to insure that the Board has followed criteria appropriate, rational and consistent with the statute and that its decision is not arbitrary and capricious, nor based on impermissible considerations". Zannino v. Arnold, 531 F.2d 687, 690 (3d Cir. 1976); see Wolff v. McDonnell, 418 U.S. 539, at 564–65 (1974). The severity of the offense and hence the effect parole of an offender may have on deterrence of criminal conduct clearly is a proper basis for parole denial. Garcia v. United States Bd. of Parole, 557 F.2d 100, 105 (7th Cir. 1977); deVyver v. Warden, U.S. Penitentiary, 388 F.Supp. 1213, 1218–19 (M.D. Pa. 1974). The Court views Block's advantageous background as an aggravating circumstance going toward the severity of his offense. Thus, the Board's decision was based on appropriate criteria as required by Zannino.