Richard R. PARSON, Petitioner,

v.

Calvin EDWARDS, Warden, et al., Respondents.

Civ. No. 87–1205.

United States District Court, M.D. Pennsylvania.

Nov. 16, 1988.

Richard R. Parson, pro se.

Robert De Sousa, Asst. U.S. Atty., Scranton, Pa., for respondents.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Currently before the court are petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenging his parole revocation by the U.S. Parole Commission (Commission), *see* document 1 of record, and petitioner's motion request-

ing the court to order respondents to return him to a federal prison within the Middle District of Pennsylvania. *See* document 57 of record. For the reasons that follow, the petition for a writ of habeas corpus will be denied and petitioner's motion for transfer will be dismissed as moot.

## I. *Background*

### A. *Factual History*

There are numerous dates and places surrounding the parole revocation which petitioner challenges. Therefore, a brief chronology of the events leading up to the filing of the instant petition is necessary.

Petitioner was paroled on April 19, 1982. On April 28, 1982, United States Probation Officer Robert Storey authorized petitioner to travel from California to Belleville, Illinois for the purpose of relocation. *See* document 61, Exhibit 2.

On May 25, 1982, the Commission issued a warrant charging petitioner with a violation of the conditions of his parole based upon information the Commission had received that he had left Belleville, Illinois without leaving a forwarding address and his failure to submit a monthly supervision report for the month of April, 1982.

Petitioner was arrested on the parole violator warrant on May 30, 1982 in Hoguiam, Washington. Police located petitioner when they spotted a vehicle with which petitioner had been associated. Upon examining the vehicle, the police observed a firearm in plain view on the floor of vehicle. The police removed the firearm and placed the vehicle under surveillance. Petitioner was arrested when he came to retrieve the vehicle. *See* document 61, Exhibit 5.

The Commission issued a supplemental warrant on June 4, 1982, charging petitioner with leaving his district of supervision without permission and with possession of a firearm. *See* document 61, Exhibit 6. Petitioner received his preliminary hearing on June 25, 1982, after which the hearing officer recommended a finding of probable cause as to the charges of failure to report a change of residence, leaving the district

without permission, and possession of a firearm. On July 15, 1982, the Commission informed petitioner that it had found probable cause to believe he had violated the conditions of his parole and ordered a revocation hearing in his case. *See* document 61, Exhibit 10.

Petitioner's parole revocation hearing was held on September 1, 1982. *See* document 61, Exhibit 11. Petitioner was represented by counsel at the hearing and was allowed to call his girlfriend, Jelayne Banks, as a voluntary witness. In addition, United States Probation Officer Lucy Christy appeared as an adverse witness on behalf of Officer Storey. *See id.*

The Commission found that petitioner had violated the conditions of his parole on the charges of failure to report a change of address, leaving the district without permission, and possession of a firearm. They recommended that petitioner's parole be revoked.

The recommendation was adopted by the Regional Commissioner, and petitioner was informed by a notice dated September 24, 1982 that his parole was revoked, and that he would receive credit only for the time spent on parole from the date of release to the date he absconded. The Commission ordered that he serve sixty months. This decision was affirmed on appeal.

### B. *Procedural History*

On August 26, 1987, petitioner, currently incarcerated at U.S.P.–Lompoc, California, filed an "Emergency *Ex Parte* Application for Writ of Habeas Corpus". *See* document 1 of record. The court was unable to determine from the petition itself whether petitioner had exhausted any of the five claims he presented. Therefore, the court directed petitioner to file additional pleadings demonstrating exhaustion of administrative remedies for each of the five claims. *See* document 16 of record.

Petitioner's response failed to demonstrate exhaustion of any of the five claims listed in his original petition. *See* document 17 of record. The response did, however, make it clear for the first time that in addition to his five original claims,

petitioner was also challenging the revocation of his parole. *See id.* at pp. 1–2. By Order dated March 3, 1988, the court dismissed petitioner's five original claims for failure to demonstrate exhaustion of administrative remedies and gave petitioner one final opportunity to demonstrate exhaustion of his claim challenging his 1982 parole revocation. *See* document 28 of record.

From petitioner's subsequent submissions, *see* documents 31 and 33 of record, the court concluded that the petitioner had exhausted his administrative remedies with respect to his parole revocation and directed petitioner, by Order dated June 14, 1988, to submit an amended petition for writ of habeas corpus, setting forth with specificity each ground upon which petitioner based his attack of his parole revocation. *See* document 37 of record.

On June 23, petitioner filed a motion for reconsideration of the court's Order of June 14, 1988 or, in the alternative, for leave to take an interlocutory appeal *in forma pauperis* from the Order. *See* document 39 of record. By Order dated June 27, 1988, the court denied petitioner's request for reconsideration or, in the alternative, for leave to take an interlocutory appeal *in forma pauperis* to the Third Circuit Court of Appeals. *See* document 43 of record. Petitioner filed his Amended Petition for Writ of Habeas Corpus on June 28, 1988. *See* document 47 of record. Before respondents answered, however, petitioner filed a Notice of Appeal of this court's Order of June 27, 1988. *See* document 49 of record.

In an opinion filed September 7, 1988, the Third Circuit Court of Appeals dismissed petitioner's appeal due to a jurisdictional defect. 860 F.2d 1075. The appellate court held that this court's Order of June 27, 1988 was not a final Order within the meaning of 28 U.S.C. § 1291 and therefore dismissed the appeal for lack of appellate jurisdiction. *See* document 55 of record. In light of the appellate court's dismissal of petitioner's appeal, the court, by Order dated September 21, 1988, directed respondents to file a response to petitioner's

Amended Petition for Writ of Habeas Corpus, *see* document 44 of record, within 20 days of the date of the Order. *See* document 54 of record.

Before respondents filed their response, petitioner filed a motion requesting that the court direct respondents to return him to the Middle District of Pennsylvania. *See* document 56 of record. Respondents filed a brief in opposition to this motion on October 12, 1988. *See* document 59 of record. Petitioner filed his reply on October 24, 1988. *See* document 62 of record.

Respondents filed their response to the petition on October 19, 1988. *See* document 61 of record. Petitioner filed his reply on October 31, 1988. *See* document 63 of record.

Each of the parties has filed all the required submissions with respect to the petition for writ of habeas corpus and the motion to transfer. Thus, both the motion and the petition are ripe for disposition and, as previously noted, the court will deny the petition and will dismiss the motion to transfer as moot.

## II. *Discussion*

### A. *Petition for Writ of Habeas Corpus*

In his amended petition for writ of habeas corpus, petitioner challenges the revocation of his parole on three grounds. *See* document 44 of record. First, petitioner complains that Officer Storey abused his authority by granting petitioner a sixty day travel permit to travel from California to Illinois and then "Falsely and intentionally reported to said parole commission that this petitioner had left the District of California without permission". *Id.* at p. 4. Second, petitioner claims that he was denied due process of the law because he was not provided with a copy of the parole warrant until twelve days after his arrest on May 30, 1982, was not afforded the right to present witnesses or have counsel at his June 25, 1982 preliminary interview, and was not allowed to confront adverse witnesses at his final revocation hearing on September 1, 1982. *Id.* at pp. 6–7. Finally, petitioner contends that the respondents

improperly considered the fact that a firearm was discovered in the car which petitioner had used to travel from Illinois to Washington State. The court will discuss each of these claims separately.

### 1. *The Travel Permit*

■ Petitioner contends that Officer Storey's authorization to travel issued to petitioner on April 29, 1982 provided sufficient permission for him to be in the State of Washington. Petitioner further claims that he attempted to notify Officer Storey and Michael Andreas, the United States Probation Officer from Illinois, that he was leaving Illinois and returning to California via the State of Washington by leaving phone messages at their offices, but that their respective office staffs must have failed to advise them of the messages. *See* document 63 at p. 4.

The Commission based its findings that petitioner had left the Southern District of Illinois without permission and failed to report a change of address upon the fact that petitioner was instructed upon his arrival in Illinois that he was not to leave the district without permission and was to report any change of address to Officer Andreas. *See* document 61 of record, Exhibits 3 and 8. Furthermore, Officer Christy testified that neither Officer Storey nor Officer Andreas had any record of messages from petitioner indicating that he was leaving the district. *See id.*, Exhibit 8.

The role of the court in reviewing a decision of the Commission is to determine whether the Commission abused its broad discretion by inquiring as to whether there is a rational basis in the record for Commission's conclusions. *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir.1976). The court finds that the record in the instant case presents a more than adequate rational basis upon which the Commission could conclude that petitioner left the Southern District of Illinois without permission and failed to report a change of address to his parole officer. The court will therefore deny the petition with respect to these issues.

### 2. *Due Process*

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court held that the possible deprivation of liberty inherent in parole revocation proceedings entitles a parolee to minimum due process protections. *Id.* at 482, 92 S.Ct. at 2600. The Court ruled that a parolee is entitled to a two-tiered hearing procedure, a preliminary hearing at or near the time of the arrest to determine whether probable cause exists to believe that he has committed a parole violation, and a somewhat more comprehensive hearing prior to making the final revocation decision. *Id.* at 485–89, 92 S.Ct. at 2602–2604.

■ In the present case, petitioner complains that he was not given a copy of the charges upon which the parole violator warrant was based until twelve days after his arrest. Furthermore, petitioner argues that he was not allowed to present witnesses or to confront adverse witnesses at his preliminary hearing nor at his final revocation hearing. The Commission argues that petitioner was afforded all the protections required by due process.

The first minimum requirement of due process set forth in *Morrissey* is that the parolee is entitled to "written notice of the claimed parole violation". *Id.* at 489, 92 S.Ct. at 2604. There is nothing in *Morrissey* that mandates when this written notice must be served, though due process and logic would seem to dictate that it must occur at or before the hearing so that a "reasonable opportunity to prepare a defense" will be afforded to the parolee. *See In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). *See also* Cohen, *The Law of Probation and Parole*, § 11.11, pp. 548–49 (1983).

In the instant case, petitioner was provided with a copy of the warrant application on June 11, 1982. While this date was twelve days after his arrest, it was, more importantly, fourteen days before the date of his preliminary hearing. Thus, petitioner was supplied with notice of the alleged parole violations with which he was charged well before the date of his prelimi-

nary hearing. Such notice does not constitute a denial of due process of law.

██ Moreover, even if, as petitioner argues, the delay in providing a copy of the warrant application offended due process because it constituted a violation of the Commission's own regulation,[1] petitioner would not be entitled to relief because he has not demonstrated that the delay was unreasonable or that he was prejudiced by it. Habeas corpus relief for delay of due process protections is only available where the petitioner establishes that the Commission's delay was both unreasonable and prejudicial. *See Sutherland v. McCall,* 709 F.2d 730 (D.C.Cir.1983) (petitioner must establish unreasonableness and prejudice where parole revocation hearing delayed). Petitioner in the present case has established neither factor with respect to the delay in providing him with a copy of the warrant application.

██ Beyond written notice, *Morrissey* mandates other minimum due process protections. These protections are:

(b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole....

*Morrissey,* 408 U.S. at 489, 92 S.Ct. at 2604. In establishing these minimum requirements, the court prescribed a general framework to guide parole revocation proceedings in order to guarantee the due process rights of parolees. As the Court stated: "We cannot write a code of procedure.... Our task is limited to deciding the minimum requirements of due pro-

cess." *Morrissey,* 408 U.S. at 488–89, 92 S.Ct. at 2604. No formalistic set of proceduress need be followed as long as the minimum due process requirements enunciated in *Morrissey* are met. *Pierre v. Washington State Board of Prison Terms and Paroles,* 699 F.2d 471, 473 (9th Cir. 1983).

██ It is clear from the exhibits submitted by the Commission in the present case that petitioner was afforded all of the due process protections required by *Morrissey.* *See* document 61 of record, Exhibits 8 and 11. As the summary of the preliminary hearing indicates, the hearing was conducted by an independent officer, petitioner was represented by counsel and given an opportunity to be heard. *See,* document 61, Exhibit 8. Moreover, United States Probation Officer Christy appeared as the adverse witness, and a written statement was issued containing the hearing officer's recommendation and the facts upon which it was based. *See id.,* p. 4.

Petitioner's final parole revocation hearing was held on September 1, 1982. *See* document 61 of record, Exhibit 11. Once again, petitioner was provided with counsel and was allowed to present evidence, including a witness. Furthermore, Officer Christy again testified as the adverse witness. *See id.* Finally, the Hearing Examiner Panel provided petitioner with a written statement of its findings and the factual basis upon which they rested. The court is satisfied from this evidence that the Commission afforded petitioner the required due process protections in revoking his parole.

### 3. *Possession of a Firearm*

██ The Commission unquestionably has the authority to find that a parolee committed acts in violation of his parole notwithstanding the fact that related criminal charges have been dismissed. *Williams v. United States Parole Commission,* 617 F.Supp. 470 (M.D.Pa.1985), *aff'd Appeal of Williams* 791 F.2d 923, *aff'd* 791 F.2d 924 (3rd Cir.1986). Such a finding may be

---

**1.** 28 C.F.R. § 246(b) provides:
> On arrest of the parolee the officer executing the warrant shall deliver to him a copy of the Warrant Application listing the charges

against the parolee, the applicable procedural rights under the Commission's regulations and the possible actions which may be taken by the Commission.

made provided the Commission determines that it is supported by a preponderance of the evidence. *Id.* at 472. As stated above, the task of the reviewing court is merely to determine whether there is a rational basis for the Commission's conclusions. *Zannino,* 531 F.2d at 691.

 The petitioner in the present case objects to the Commission's finding that he was in possession of a firearm at the time of his arrest. Petitioner claims the Commission abused its discretion in reaching this conclusion because no such charge was ever filed against him by a law enforcement agency. *See* document 44 of record. The Commission argues that the record presents a rational basis upon which to base the conclusion that petitioner was in possession of a firearm. *See* document 61 of record.

The court agrees with the Commission. It is clear from the record that petitioner traveled from Illinois to Washington in the car in which the gun was found and that he was in the car the night before his arrest. Furthermore, when the shotgun was first observed lying on the floor of the vehicle, the vehicle was locked. Finally, as the Commission noted in its summary of petitioner's final revocation hearing, neither petitioner nor the car's owner offered any plausible explanation as to how the sawed-off shotgun, the same type of weapon petitioner had used in the bank robbery for which he was initially incarcerated, came to be in the car. *See* document 61, Exhibit 11 at p. 5. The court finds that these facts presented a rational basis upon which the Commission's conclusion that petitioner possessed a firearm could be founded.

Thus, the court finds no merit in any of the arguments raised in petitioner's petition for writ of habeas corpus. The court will therefore deny the petition.

### B. *Petitioner's Motion for Transfer*

On October 11, 1988, petitioner filed a motion requesting a court order requiring respondents to return him to the Middle District of Pennsylvania. *See* document 56 of record. Petitioner based this request upon the fact that his petition was pending before this court. In light of the above disposition of petition for writ of habeas corpus, the court will dismiss his motion to transfer as moot.

### III. *Conclusion*

For all of the above reasons, the court will deny petitioner's petition for writ of habeas corpus and will dismiss petitioner's motion for transfer as moot.

An appropriate Order will enter.