George ALLRED, Petitioner,

v.

UNITED STATES PAROLE COMMISSION, et. al., Respondents.

No. CIV. A. 99–663.

United States District Court, E.D. Pennsylvania.

Aug. 15, 2000.

---

---

Michael C. Kostelaba, Wilkes–Barre, PA, for Petitioner.

Peter F. Schenk, Faithe Moore Taylor, U.S. Attorney's Office, Philadelphia, PA, for Respondents.

### MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

### I. BACKGROUND

Petitioner, George Allred ("petitioner"), a federal prisoner incarcerated at Federal Correctional Institution Schuylkill (FCI Schuylkill) in Minersville, Pennsylvania filed a counseled petition for a writ of

summary judgment on the ADA and PHRA claims, if they decide such a motion is necessary.

habeas corpus ("petition") pursuant to 28 U.S.C. § 2241.[1] Before the court are the Magistrate Judge's Supplemental Report and Recommendation recommending that the petition be denied and dismissed and petitioner's objections thereto. The court will sustain petitioner's objections arguing that the United States Parole Commission ("the Parole Commission") incorrectly calculated his presumptive parole release date. Accordingly, the Magistrate Judge's Supplemental Report and Recommendation will be disapproved and the case remanded to the Parole Commission to re-calculate petitioner's presumptive parole release date.

## II. FACTS

On October 23, 1984, petitioner began serving a federal sentence of seventy-five (75) years, with the possibility of parole, for conspiracy and altering and counterfeiting postal money orders in violation of 18 U.S.C. §§ 371 & 500. While petitioner was serving his sentence, the Parole Commission extended his presumptive parole release date for the following time periods and reasons:

1. Sixteen (16) months for producing and distributing a counterfeit money order on August 24, 1987;

2. Sixteen (16) months for producing and distributing a counterfeit money order on March 4, 1992;

3. Twenty-four (24) months for possession of sharpened instruments on April 29, 1986;

4. Twenty-four (24) months for possession of sharpened instruments on August 24, 1991; and

5. One hundred ten (110) months for assaulting another inmate on December 21, 1986. *See* Petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. Section 2241 (doc. no. 1), p. 3.

On February 9, 1999, petitioner filed the instant petition under 28 U.S.C. § 2241 seeking relief from the Parole Commission's extension of his presumptive parole release date. Petitioner contends that the guideline range applicable to his counterfeit money order offenses is zero (0) to ten (10) months, the guideline range applicable to his possession of sharpened instruments offenses is twelve (12) to sixteen (16) months, and the guideline range applicable to his assault offense is sixty-four (64) to ninety-two (92) months, not the ranges used by the Parole Commission. Petitioner's Habeas Corpus Petition Pursuant to 28 U.S.C. Section 2241 (doc. no. 1), pp. 5–7.

On April 13, 1999, after petitioner had filed his petition, the Parole Commission sua sponte re-opened petitioner's case and re-calculated his presumptive parole release date. The Parole Commission changed the guideline range applicable to petitioner's possession of sharpened instruments offenses to twelve (12) to sixteen (16) months and the guideline range applicable to petitioner's assault offense to sixty-four (64) to ninety-two (92) months, the guideline ranges requested by petitioner. However, the terms added to petitioner's presumptive parole release date for his counterfeit money order offenses remained unchanged. Petitioner appealed the Parole Commission's re-calculation to the National Appeals Board.

By order dated February 17, 1999, the court referred petitioner's petition to Magistrate Judge M. Faith Angell for a Report and Recommendation. On April 29, 1999, the Magistrate Judge recommended that the petition be dismissed because petitioner's claims were rendered moot by the Parole Commission's re-calculations, or in the alternative, because petitioner had failed to exhaust his administrative remedies. After the Magistrate Judge issued her Report and Recommendation, the Na-

---

**1.** Petitioner actually filed two petitions, a "due process petition" and a "calculation petition." *See* Court's February 16, 2000 Memorandum (doc. no. 9), pp. 3–4. By order dated February 16, 2000, however, the court dismissed petitioner's "due process petition." Thus, only the instant petition, the "calculation petition," remains pending.

tional Appeals Board denied petitioner's appeal. On February 16, 2000, the court disapproved the Report and Recommendation and remanded the petition to the Magistrate Judge for further proceedings. The court concluded that the National Appeals Board's denial of petitioner's appeal exhausted his administrative remedies. The court also concluded that petitioner's claims were not moot because his claims attacking the extensions to his presumptive parole release date for distribution and production of counterfeit money orders remained alive even after the Parole Commission's re-calculation.

On April 28, 2000, the Magistrate Judge filed a Supplemental Report and Recommendation recommending that the petition be denied and dismissed on its merits. Thereafter, petitioner filed timely objections to the Magistrate Judge's Supplemental Report and Recommendation contending that the Parole Commission incorrectly calculated his presumptive parole release date. Specifically, petitioner contends that the Parole Commission erred in concluding that his money order offenses extended beyond the prison and into the community. According to petitioner, because his money order offenses were limited to the confines of the prison, the Parole Commission was authorized to extend his presumptive parole release date by only ten (10) months for each money order offense.

## III. DISCUSSION

■ Title 28 U.S.C. § 2241 provides a method by which federal prisoners may challenge disciplinary action taken against them. *See generally Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996). As a result of the Parole Commission's re-calculation, the only disciplinary action taken against petitioner at issue in the instant petition is the extension of

petitioner's presumptive parole release date for production and distribution of counterfeit money orders on August 24, 1987 and March 4, 1992. The Parole Commission extended petitioner's presumptive parole release date by sixteen (16) months for each offense.

■ The standard of review of the Parole Commission's determination is "extremely deferential." *Furnari v. Warden, Allenwood Federal Correctional Institution*, 218 F.3d 250 (3d Cir.2000). The court must affirm the Parole Commission's decision as long as 'there is a rational basis in the record for the [Parole Commission's] conclusions embodied in its statement of reasons.' *Id. (quoting Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir.1976)).

It is uncontested that, under the appropriate Parole Commission guidelines, petitioner's money order offenses constitute category II new criminal conduct within a prison. Category II new criminal conduct within a prison generally carries a maximum extension to a prisoner's presumptive parole release date of ten (10) months. *See* 28 C.F.R. § 2.36(2)(ii). However, category II new criminal conduct which occurs in a prison but which "is not limited to the confines of the prison" carries a maximum extension to a prisoner's presumptive parole release date of sixteen (16) months. *See* 28 C.F.R. § 2.36(3); 28 C.F.R. § 2.21; and 28 C.F.R. § 2.20.

The Parole Commission concluded that petitioner "committed behavior that constitutes new criminal conduct in a prison facility that extends into the community . . . because on 3/4/92 and 8/24/87 [petitioner] counterfeited money orders. . . ." *See* April 13, 1999 Notice of Action, Government's Response to Petitioner's Claims for Relief Pursuant to 28 U.S.C. § 2241, Ex. A.[2] Thus, the narrow issue before the court

---

2. The record in this case contains numerous Parole Commission reports. The subject of petitioner's instant claims, however, is the most recent decision of the Parole Commission embodied in its April 13, 1999 Notice of

Action. Indeed, it was petitioner's exhaustion of his administrative remedies stemming from that decision which brought petitioner's claims before the court. Thus, the court will consider the Parole Commission's April 13,

is whether there is a rational basis in the record for the Parole Commission's conclusion that petitioner's money order offenses "extend[ed] into the community."

The court finds that the Parole Commission's conclusion is without a rational basis in the record for two reasons. One, the Parole Commission's conclusion that on August 24, 1987, petitioner "counterfeited" money orders is incorrect. "Counterfeit" means "[t]o make a copy of [usually] with the intent to defraud [or to make] in imitation of what is genuine with the intent to defraud." Webster's II New Riverside University Dictionary (1988). According to the Parole Commission's own records submitted by the Government in this case, the money orders recovered from petitioner on August 24, 1987 had not been altered. *See* June 15, 1995 Pre–Hearing Assessment Attached to Government's Letter of July 6, 2000; June 19, 1995 Initial Hearing Summary, Government's Response to Petitioner's Claims for Relief Pursuant to 28 U.S.C. § 2241, Ex. B. Since 'the [Parole] Commission may not base its judgment ... on an inaccurate factual predicate[,]' *see Furnari,* 218 F.3d 250, its conclusion regarding petitioner's August 24, 1987 offense is without a rational basis in the record.

■■■ Two, with respect to both petitioner's March 4, 1992 and August 24, 1987 offenses, the Parole Commission failed to explain why petitioner's mere possession of money orders, whether counterfeited or not, constitutes conduct which extends into the community. The Parole Commission's lack of an explanation is important given that its own regulations recognize that naked possession is punished to a lesser degree (i.e., zero (0) to ten (10) months per offense) than possession which constitutes a link in the chain of conduct which extends into the community (i.e., twelve (12) to sixteen (16) months per offense). *Compare* 28 C.F.R. § 2.36(2)(ii) *with* 28 C.F.R.

§ 2.36(3); 28 C.F.R. § 2.21; and 28 C.F.R. § 2.20. Obviously, if mere possession of money orders always constituted conduct which extends into the community, there would be no need for this two tiered system of punishment. In the absence of a justification as to why the Parole Commission concluded that petitioner's possession of money orders in this case "extend[ed] into the community," the court cannot find that there is a rational basis in the record supporting the Parole Commission's conclusion. *Furnari,* 218 F.3d 250 (explaining that administrative agency's reasoning process must be contained in its statement of reasons).

It may be true that the Parole Commission concluded that since money orders may not be lawfully obtained in prison, it may be inferred that petitioner obtained the money orders at issue in this case from outside of the prison. Although this explanation has the ring of logic, it is not contained within the Parole Commission's statement of reasons. As the Third Circuit instructed:

> In reviewing an administrative agency's decision, [the court does] not seek out some hypothetical rational support for the agency's action. 'A court must review the agency's actual on-the-record reasoning process. Only a formal statement of reasons from the agency can provide this explanation, not a post hoc rationalization, or agency counsel's in-court reasoning.

*Id.* Since the Parole Commission's statement of reasons does not indicate that its conclusion is based, at least in part, on an inference that money orders which are found inside of the prison necessarily came from outside of the prison, this rationale, or any other which is not found in the Parole Commission's statement of reasons, is not available to the Government at this time.[3]

---

1999 Notice of Action as the decision subject to review in this case.

**3.** Furthermore, because the Parole Commission's conclusions are not "readily apparent," the court will not independently search the

In light of these findings, the appropriate guideline range applicable to petitioner's money order offenses which occurred inside the prison is zero (0) to ten (10) months, not the twelve (12) to sixteen (16) month range applied by the Parole Commission for offenses "not limited to the confines of the prison."

## IV. CONCLUSION

Because there is no rational basis in the record for the Parole Commission's conclusion that petitioner's money order offenses extended into the community, the Parole Commission's decision cannot be sustained. Accordingly, the Magistrate Judge's Report and Recommendation is disapproved and the case remanded to the Parole Commission to recalculate petitioner's presumptive parole release date.

record in an attempt to locate support for the Parole Commission's decision. *See Furnari,*