

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2002

# Bushman v. Mendez

Precedential or Non-Precedential:

Docket 1-1488

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bushman v. Mendez" (2002). *2002 Decisions.* Paper 50.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/50

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1488
_____

MICHAEL J. BUSHMAN,

Appellant

v.

JAKE MENDEZ, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-CV-01230)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2001

Before: ALITO, ROTH AND FUENTES, CIRCUIT JUDGES

(Filed: January 29, 2002)

_____

OPINION

_____

PER CURIAM

Michael J. Bushman appeals from the District Court order denying his petition for a writ of habeas corpus. Bushman's petition challenged the decision of the United States Parole Commission, paroling him effective July 8, 2000 from a twenty-five year sentence to a non-parolable ten year sentence.

Bushman argues on appeal that the District Court erred in essentially four ways: (1) in finding that an interim parole hearing was not mandated before the setting of an effective parole date; (2) in upholding the Commission's finding of an offense severity rating of Eight based on alleged distribution of 18.75 kilograms or more of cocaine; (3) in

finding that the Commission had a rational basis for justifying its decision more than 48 months above the lower limits of Category Eight guidelines; and (4) in finding no unwarranted co-defendant disparity.  As Bushman focuses primarily on the second and fourth issues, we shall do so as well.

Bushman also argues that the District Court used the wrong standard of review. The District Court correctly stated the standard of review: whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.  Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976).  The Commission may not base its decision on inaccurate facts, but it may rely on a variety of sources for its facts, including presentence reports, dismissed counts of indictments, and information in a separate, dismissed indictment.  Campbell v. United States Parole Commission, 704 F.2d 106, 109-10 (3d Cir. 1983).  Bushman argued in his petition that the Commission's decision was based on inaccurate facts.  The Commission found an offense severity level of Eight based on "underlying behavior includ[ing] the distribution of more than 18.75 kilograms of cocaine."  Bushman argues that because the indictment established only that he was responsible for 38.5 ounces of cocaine, the Commission had no basis for its finding.  Bushman argued that the highest amount on which the Commission should have based its finding is 14 pounds, or 6363 grams, based on his admission in the presentence investigation report (PSI) that he had sold roughly 14 pounds of cocaine.  Bushman argued that even using the 14 pound figure, the Commission should have found an offense severity level of Seven.  Bushman argued that the Commission should have issued a retroactive parole date based on level Seven, so that the time served beyond that lower range could be applied to his non-parolable ten-year sentence.

In fact, the Commission did have a basis for its finding that Bushman was responsible for more than 18.75 kilograms of cocaine.  The PSI states in part that Bushman distributed "approximately twenty-four pounds of cocaine . . . between 1983 and 1984 and approximately twenty-four kilograms of cocaine . . . between 1985 and 1987."  As Bushman apparently did not challenge these findings before sentencing, the

Commission was entitled to assume that the facts stated in the PSI were accurate. United States ex rel Goldberg v. Warden, 622 F.2d 60, 66 (3d Cir.), cert. denied, 449 U.S. 871 (1980). Our Court has stated:

> In the parole context, Congress has authorized the Commission to view presentence reports, 18 U.S.C. 4207(3) despite the knowledge that there are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatsoever to the crime with which the defendant is charged.

Goldberg, 622 F.2d at 64. Thus, the District Court properly found that the Commission had a rational basis for its offense severity rating.

As to the codefendant disparity argument, Bushman argues that one of his codefendants, who had a criminal history, is already on parole, while he is still incarcerated. As we stated in United States ex rel Farese v. Luther, 953 F.2d 49, 54 (3d Cir. 1992), "While the Commission must obtain and consider the parole status of co-defendants, United States Parole Rules and Procedures Manual 3.12-07 (1989), it is not required to give co-defendants the same offense severity rating. Id. 2.20-09." The current Manual states, "Unwarranted codefendant disparity" refers to different parole decisions for similarly situated offenders where no legitimate reason for the difference in decisions exists. It is to be remembered that different decisions for codefendants are not necessarily inappropriate." http://www.usdoj.gov/uspc/ProcedureManual/part1.htm. The provision then goes on to give various cases in which disparity might be warranted. While Bushman is correct in noting that the Commission must follow its own regulations, see, e.g., Wilson v. United States Parole Commission, 193 F.3d 195, 200 (3d Cir. 1999), this is a regulation which gives the Commission a great deal of discretion. The District Court did not err in upholding the Commission's decision in this regard.

As to Bushman's allegations regarding the lack of an interim parole hearing and the Commission's inadequate basis for its decision 48 months above the lower limits of Category Eight guidelines, we will affirm for the reasons stated in the Report and Recommendation and adopted by the District Court.

```
                  UNITED STATES COURT OF APPEALS
                       FOR THE THIRD CIRCUIT

                            NO. 01-1488
                       _____


                       MICHAEL J. BUSHMAN,

                                             Appellant

                                v.

                       JAKE MENDEZ, Warden
              _____


              On Appeal From the United States District Court
                  For the Middle District of Pennsylvania
                       (D.C. Civ. No. 00-CV-01230)
                   District Judge: Honorable Yvette Kane
              _____


                  Submitted Under Third Circuit LAR 34.1(a)
                            November 7, 2001

              Before: ALITO, ROTH AND FUENTES, CIRCUIT JUDGES


                               JUDGMENT
                       _____
```

This cause came on to be heard on the record from the United States District Court
for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR
34.1(a).  On consideration whereof, it is now here
ORDERED AND ADJUDGED by this court that the judgment of the District Court entered February 1, 2001 be and the same is hereby affirmed.  All of the above in

No. 01-1488
Page 2


accordance with the opinion of this Court.

                                        ATTEST:

                                        Clerk

DATED: January 29,  2002